[No. H029001. Sixth Dist. Oct. 6, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
SADRUDIN LAIWALA, Defendant and Appellant.

COUNSEL

Sadrudin Laiwala, in pro. per., for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Seth K. Schalit and Morris Lenk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MIHARA, J.—Defendant Sadrudin Laiwala was originally convicted by court trial of grand theft of a trade secret (Pen. Code, § 499c). In February 2004, this court reversed the conviction on the ground that the record contained "insufficient evidence that information taken by [Laiwala] qualified as a trade secret under Penal Code section 499c." The trial court was directed to enter a verdict of not guilty, and the trial court complied with the remittitur in June 2004.

In July 2004, Laiwala petitioned the superior court for a finding of factual innocence, and the district attorney filed opposition to his petition.[1] After a hearing at which Laiwala and the district attorney presented both live testimony and documentary evidence and the superior court adopted the evidence section of this court's opinion reversing the conviction as a factual foundation, the superior court denied Laiwala's petition. Laiwala filed a timely notice of appeal. We conclude that Laiwala established, and the district attorney failed to refute, that there is no reasonable cause to support a finding that the information at issue was a trade secret. Consequently, Laiwala was entitled to a finding of factual innocence. We reverse the superior court's order and direct it to enter a finding of factual innocence and grant Laiwala appropriate relief under Penal Code section 851.8.

## I. Statutory Framework

"In any case where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, at any time after dismissal of the action, petition the court which dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made. . . . If the court finds the petitioner to be factually

---

[1] When Laiwala filed his petition, he was not represented by counsel, but he thereafter acquired counsel who represented him throughout the superior court proceedings. He is not represented by counsel on appeal.

innocent of the charges for which the arrest was made, then the court shall grant the relief . . . ." (Pen. Code, § 851.8, subd. (c).)

"The district attorney may present evidence to the court at such hearing. Notwithstanding Section 1538.5 or 1539, any judicial determination of factual innocence made pursuant to this section may be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is material, relevant and reliable. A finding of factual innocence and an order for the sealing and destruction of records pursuant to this section shall not be made unless the court finds that *no reasonable cause exists to believe* that the arrestee committed the offense for which the arrest was made. In any court hearing to determine the factual innocence of a party, the initial burden of proof shall rest with the petitioner to show that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. If the court finds that this showing of no reasonable cause has been made by the petitioner, then the burden of proof shall shift to the respondent to show that a reasonable cause exists to believe that the petitioner committed the offense for which the arrest was made. If the court finds the arrestee to be factually innocent of the charges for which the arrest was made, then the court shall order [the sealing and subsequent destruction of all records of the arrest]."[2] (Pen. Code, § 851.8, subd. (b), italics added.)

█ Hence, under the statutory framework, Laiwala bore the initial burden of proving that "no reasonable cause exists to believe" that he committed grand theft of a trade secret.[3] If he met his burden, the burden of proof shifted to the district attorney to show that reasonable cause existed to believe Laiwala committed grand theft of a trade secret. The superior court should

---

[2] Laiwala claimed in his pleadings below that his petition should be granted under Penal Code section 851.85. "Whenever a person is acquitted of a charge and it appears to the judge presiding at the trial wherein such acquittal occurred that the defendant was factually innocent of the charge, the judge may order that the records in the case be sealed, including any record of arrest or detention, upon the written or oral motion of any party in the case or the court, and with notice to all parties to the case. If such an order is made, the court shall give to the defendant a copy of such order and inform the defendant that he may thereafter state that he was not arrested for such charge and that he was found innocent of such charge by the court." (Pen. Code, § 851.85; see also Pen. Code, § 851.8, subd. (e).) Since the judge at Laiwala's criminal trial found Laiwala guilty of that charge, no argument can be made that he believed defendant to be factually innocent. Consequently, Penal Code section 851.85 was not the applicable statute here.

[3] The present tense "exists" necessarily means that the existence of reasonable cause depends on the current evidence rather than simply the evidence that existed at the time that the arrest and prosecution occurred. "In the context of a defendant who seeks a finding of factual innocence notwithstanding probable cause to arrest, facts subsequently disclosed may establish the defendant's innocence." (*People v. Adair* (2003) 29 Cal.4th 895, 905, fn. 4 [129 Cal.Rptr.2d 799, 62 P.3d 45].)

then have examined all of the evidence to determine whether or not reasonable cause existed to believe that Laiwala committed grand theft of a trade secret.

## II. Standard of Review

" ' " 'Reasonable cause' " ' is a well-established legal standard, ' "defined as that state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." ' " (*People v. Adair, supra,* 29 Cal.4th 895, 904.) "Accordingly, the statutory scheme establishes an objective standard for assaying factual innocence. From this determination, it necessarily follows that a reviewing court must apply an independent standard of review and consider the record de novo in deciding whether it supports the trial court's ruling." (*Id.* at p. 905.)

"Since the statute precludes a finding of factual innocence if *any* reasonable cause exists to believe the defendant committed the charged offense, in the case of a denial both the trial court and the reviewing court make the same inquiry. This appears to conflate independent review with the substantial evidence test because the appellate court may approach its task in either of two ways: It may examine the record de novo to determine whether the defendant failed to meet the burden of 'show[ing] that no reasonable cause exists to believe' the defendant committed the charged offense [citations], or it may assess whether the trial court's conclusion to that effect is supported by substantial evidence. Whichever the choice, the analytical perspective is ultimately the same, and the statutory standard is satisfied." (*People v. Adair, supra,* 29 Cal.4th at pp. 907–908.)

"The terms of [Penal Code] section 851.8[, subdivision] (b)—precluding a finding of factual innocence 'unless no reasonable cause exists'—impose an objective legal standard on both trial and appellate courts, and do not accommodate any exercise of discretion to which the appellate court should defer." (*People v. Adair, supra,* 29 Cal.4th at p. 908.) "In sum, the record must exonerate, not merely raise a substantial question as to guilt." (*Id.* at p. 909.)

## III. Analysis

We independently examine the evidence presented to the superior court to decide whether it demonstrates that reasonable cause exists to believe that Laiwala committed grand theft of a trade secret.

Laiwala was arrested and charged with grand theft of a trade secret based on his alleged taking from his employer of the source code for a program,

which contained a "master key." "Every person is guilty of theft who, with intent to deprive or withhold the control of a trade secret from its owner, or with an intent to appropriate a trade secret to his or her own use or to the use of another, . . . [¶] . . . [s]teals, takes, carries away, or uses without authorization, a trade secret." (Pen. Code, § 499c, subd. (b).) " 'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: [¶] (A) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and [¶] (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." (Pen. Code, § 499c, subd. (a)(9).)

■ There are three elements of grand theft of a trade secret: (1) a taking or unauthorized use of information that (2) qualifies as a trade secret with (3) the requisite specific intent. At the superior court hearing, Laiwala attacked two of these elements. He claimed that there was no reasonable cause to believe that he actually took any information, and he asserted that there was no reasonable cause to believe that the information at issue was a trade secret.

Since Laiwala could have established his factual innocence by demonstrating the absence of reasonable cause to support a single element of the crime, we look first to the evidence that the information was a trade secret.

Very little evidence was introduced on this subject at the superior court hearing. The superior court "adopt[ed] as a foundation and basis on which counsel can build" the "Evidence" section of this court's opinion in Laiwala's criminal appeal.[4] "[E]verybody agreed I was going to . . . adopt the facts as adopted and determined by the Court of Appeals [sic]."[5] This court's opinion in Laiwala's criminal appeal did not recite any evidence that demonstrated that the source code for the program or the master key that it contained qualified as a trade secret. On the contrary, the opinion found no such evidence.

The only additional evidence presented by the district attorney at the superior court hearing was live testimony by David Kocsis (Laiwala's former boss), John McMullen (a district attorney's investigator) and Laiwala, and a few exhibits from the criminal trial. Kocsis testified that the master key

---

[4] The superior court stated at the outset: "I'm not here to determine whether there was a theft of trade secrets, I'm here to determine whether or not a person of ordinary care and prudence would believe or conscientiously entertain any honest [and strong suspicion], that the person arrested is guilty or that there was probable cause. That's what I have to determine."

[5] The transcripts from the criminal trial were not admitted into evidence or judicially noticed by the superior court.

would not enable a person to decrypt a DVD unless he had the "entire program *and descrambler* with him." (Italics added.) McMullen testified that Laiwala's employer had claimed that "[t]he source code to the program" had been taken, of which the master key was a part.

Laiwala introduced two declarations and a few of the criminal trial exhibits. Animesh Mishra was a former coworker of both Laiwala and the author of the program. He declared that the source code for the program had been widely disseminated among employees. Mishra had been working with the author of the program at the time of the alleged theft and had seen the source code, and he declared that the program did not have the capacity to descramble a DVD. The only part of the program that had worked at that time was the "DVD Authentication software." Joseph Mehegan, an expert on computer security, declared that the "CSS authentication sequence process was a widely known process." None of the exhibits from the criminal trial that were introduced at the hearing contained evidence that the master key or the program qualified as a trade secret within the meaning of Penal Code section 499c.

The first question is whether Laiwala established that no reasonable person could "believe and conscientiously entertain an honest and strong suspicion" that the master key or the program "[d]erive[d] independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use." As this court previously held, the evidence presented at Laiwala's criminal trial was insufficient to support a finding that the master key met the definition of a trade secret. While the "reasonable cause" standard is quite low, this court found that there was *no* evidence at the criminal trial that the master key qualified as a trade secret. Clearly no reasonable person could conscientiously believe that the master key was a trade secret in the absence of any evidence to that effect. Laiwala's evidence at the hearing established that the program could not descramble a DVD and had the capacity only to authenticate a DVD, which was a well-known process. No reasonable person could have conscientiously believed that a program that was able to perform only a well-known process derived economic value from not being generally known.

The next question is whether the district attorney produced evidence that a reasonable person could "believe and conscientiously entertain an honest and strong suspicion" that the master key or the program "[d]erive[d] independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use." This court's opinion in the criminal appeal referenced no evidence that could have supported such a belief, and it explicitly stated that there had been no such evidence presented at the criminal trial. The district attorney's

witnesses at the hearing did not offer any supportive testimony. Kocsis testified that decryption would require a descrambler, and it was undisputed that the program did not contain a descrambler. Hence, no reasonable person could have believed that the program itself had independent economic value as a tool to descramble DVD's since it had no independent capacity to do so.

The district attorney spent much of the hearing below criticizing this court's opinion in the criminal appeal. He claimed that "[o]n a different day with different evidence I [could] make that showing [that the information was a trade secret] easily," but he neglected to make such a showing.[6] Instead, he merely argued that "there was no question ever nor has there been on the evidence presented today he was a *data* thief. The only question is whether the data met the . . . technical definition of trade secrets." (Italics added.) "Not only was there probable cause to believe this was a data theft, but [it was] pro[ved] overwhelmingly at trial . . . ."

■ The district attorney's error was in believing that a factual innocence petition may be denied simply because the petitioner may have committed some crime other than the one for which he was arrested.[7] A factual innocence petition must be granted if the petitioner is "factually innocent *of the charges for which the arrest was made.*" In this case, Laiwala was arrested on a charge of grand theft of a trade secret. He was not arrested for "data theft." Accordingly, the absence of any ground for a reasonable belief that the information taken was a trade secret establishes that he is factually innocent of grand theft of a trade secret, the charge for which he was arrested. It is irrelevant whether there was reasonable cause to believe that Laiwala had committed data theft, a crime with which he was never charged and for which he was never arrested.

■ "[Some] legal defenses may be so related to the defendant's own conduct that the existence of the defense negates a requisite element of the offense or otherwise eliminates culpability, thereby revealing no reasonable cause to believe the arrestee committed an offense and establishing factual innocence, within the meaning of Penal Code section 851.8." (*People v. Matthews* (1992) 7 Cal.App.4th 1052, 1056–1057 [9 Cal.Rptr.2d 348].) Such is the case here. ■ The absence of evidence that the key or the program was a trade secret negates a requisite element of the crime and establishes Laiwala's factual innocence.

---

[6] The district attorney repeatedly stated that his "ethical obligations" prevented him "from describing my private opinion about this decision."

[7] The superior court may have been under the same mistaken impression. "[T]he Court finds that a person of ordinary care and prudence would believe or conscientiously entertained [*sic*] an honest and strong suspicion that the defendant *was involved in criminal activity in the taking of the co[de].*" (Italics added.)

## IV. Disposition

The superior court's order is reversed, and the superior court is directed to enter a new order declaring Laiwala to be factually innocent of grand theft of a trade secret. The superior court shall grant Laiwala the relief to which he is entitled under Penal Code section 851.8.

Rushing, P. J., and Elia, J., concurred.