Filed 4/24/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>DEVASHISH MAZUMDER,<br><br>    Defendant and Appellant. | G054966<br><br>(Super. Ct. No. 10HF1093)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Sheila F. Hanson, Judge. Affirmed.

The Hartmann Law Firm and Robert Hartmann for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

\*           \*           \*

The People filed an information charging defendant Devashish Mazumder with two assaultive felony sex offenses. As part of a negotiated plea, the People dismissed the two felony counts and Mazumder pleaded guilty to one count of misdemeanor simple battery. After Mazumder successfully completed a period of informal probation, the superior court dismissed the action. (Pen. Code, § 1203.4, subd. (a)(1).)[1]

Mazumder then filed a petition for a finding of factual innocence and the sealing and destruction of his arrest records. "In any case where a person has been arrested, and an accusatory pleading has been filed, *but where no conviction has occurred*, the defendant may, at any time after dismissal of the action, petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made." (§ 851.8, subd. (c), italics added.) If there is a finding of factual innocence, then the court "shall order" the sealing and subsequent destruction of the defendant's arrest records. (§ 851.8, subd. (b).)

Here, the trial court denied Mazumder's petition for a finding of factual innocence without conducting an evidentiary hearing because Mazumder pleaded guilty to a misdemeanor battery. Mazumder filed this appeal. We affirm the court's order.

We hold that a defendant who pleads guilty is statutorily precluded from a finding of factual innocence because a "conviction has occurred" in the defendant's "case" as a result of the guilty plea. (§ 851.8, subd. (c).) Further, as a matter of first impression, we hold that a dismissal after a defendant successfully completes probation (§ 1203.4, subd. (a)(1)), does not expunge the defendant's conviction with regard to a defendant's filing a petition for a finding of factual innocence (§ 851.8, subd. (c)).

---

[1] All further undesignated statutory references will be to the Penal Code.

2

# I

## PROCEDURAL BACKGROUND

On June 18, 2010, the People filed a felony complaint alleging that Mazumder committed two assaultive felonies.[2] The People alleged the same victim in both counts. A magistrate found sufficient cause to believe that Mazumder committed the two crimes. The People then filed an information alleging the same two counts.

On March 19, 2012, the court granted the People's motion to amend the information to add an additional count of misdemeanor battery. (§ 242.) Mazumder pleaded guilty to the misdemeanor charge. The court then granted the People's motion to dismiss the two felony charges. (§ 1385.) The court placed Mazumder on three years of informal probation with various negotiated terms and conditions. After Mazumder successfully completed probation, the court entered a not guilty plea to the misdemeanor battery charge, and dismissed the case. (§ 1203.4, subd. (a)(1).)

On December 5, 2016, Mazumder filed a petition to seal and destroy his arrest records under section 851.8, subdivision (c). Mazumder requested an evidentiary hearing. Mazumder claimed that he was factually innocent of the misdemeanor battery charge "having pled guilty as a means of avoiding the risk of conviction of the felony . . . assault charges." The trial court took the matter under submission without conducting an evidentiary hearing.

On April 18, 2017, the trial court issued the following written order: "By its plain terms, 851.8 (c) affords relief only in cases where 'no conviction has occurred.' Here, [Mazumder] pleaded guilty to misdemeanor battery and is therefore ineligible for relief under the statute." Mazumder appeals from that order.

---

[2] We are not summarizing Mazumder's alleged facts because they are not relevant to the issues in this appeal; there was a guilty plea, and there was no evidentiary hearing.

II

DISCUSSION

Under section 851.8, a factually innocent person may petition the court to have his or her arrest records sealed and destroyed. When a court makes a finding of "factual innocence" it means that "no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made." (§ 851.8, subd. (b).) Here, the court ruled that because Mazumder pleaded guilty he was "ineligible for relief under the statute." This is an issue of statutory interpretation, which we will review de novo. (*People Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

A. *The Statutory Framework of Section 851.8*

There are three classes of persons who may petition the court for a finding of factual innocence. (§ 851.8, subds. (a)(c)(d) & (e).) "Those classes are: (1) persons who have been arrested but no accusatory pleading has yet been filed [subd. (a)]; (2) persons who have been arrested and an accusatory pleading has been filed but no conviction has occurred [subds. (c) & (d)]; and (3) persons who are 'acquitted of a charge and it appears to the judge presiding at trial . . . that the defendant was factually innocent' [subd. (e)]." (*Tennison v. California Victim Comp. & Government Claims Bd.* (2007) 152 Cal.App.4th 1164, 1171, fn. 4.)

A petitioner's burden to establish factual innocence has been described as "'incredibly high'" and as requiring "'no doubt whatsoever.'" (*People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1459.) "'Section 851.8 is *for the benefit of those defendants who have not committed a crime.*'" (*People v. Adair* (2003) 29 Cal.4th 895, 905, italics added.) "Establishing factual innocence . . . entails establishing as a prima facie matter not necessarily just that the arrestee had a viable substantive defense to the crime charged, but more fundamentally that there was *no reasonable cause to arrest him in the first place*." (*People v. Matthews* (1992) 7 Cal.App.4th 1052, 1056, italics added; *People*

4

*v. Bleich* (2009) 178 Cal.App.4th 292, 300 [petitioner "was actually innocent and under no set of circumstances could be subjected to the criminal process"].)

After the court makes a finding of factual innocence, it "shall issue a written declaration . . . stating that it is the determination of the . . . court that the arrestee is factually innocent of the charges for which the person was arrested and . . . is thereby exonerated. Thereafter, the arrest shall be deemed not to have occurred and the person may answer accordingly any question relating to its occurrence." (§ 851.8, subd. (f).)

If a court makes a finding of factual innocence, it must also make orders to law enforcement, as well as other agencies and persons, to seal and destroy the petitioner's arrest records. "If the court finds the arrestee to be factually innocent of the charges for which the arrest was made, *then the court shall order* the law enforcement agency having jurisdiction over the offense, the Department of Justice, and any law enforcement agency which arrested the petitioner or participated in the arrest of the petitioner . . . *to seal their records* of the arrest . . . *and thereafter to destroy their records of the arrest* and the court order to seal and destroy those records. *The court shall also order* the law enforcement agency having jurisdiction over the offense and the Department of Justice to request the destruction of any records of the arrest which they have given to any local, state, or federal agency, person or entity. Each state or local agency . . . *shall destroy its records of the arrest* and the request to destroy the records, *unless otherwise provided in this section*." (§ 851.8, subd. (b), italics added.)[3]

A court cannot order the partial sealing and destruction of a factually innocent petitioner's arrest records. Section 851.8 does not provide "for the surgical excision of only certain portions of an arrest record." (*People v. Matthews*, *supra*, 7

---

[3] There is an exception to the order for the destruction of arrest records when a factually innocent arrestee has filed a civil action against the agencies or peace officers involved in the arrest and/or prosecution. During the pendency of the civil action, the records are considered "confidential" and made available to the litigants, but after the final resolution of the civil action, the records are then to be sealed and destroyed. (§ 851.8, subd. (k).)

Cal.App.4th at p. 1063.) "We would defeat the statutory purpose of leaving a factually innocent person with an unblemished record and run afoul of the legislative objective sought to be achieved were we to permit the sealing and destruction of only part of an accused's arrest record." (*Ibid.*)

Arrest records must be physically destroyed when possible. "Documentation of arrest records destroyed . . . that are contained in investigative police reports shall bear the notation 'Exonerated' whenever reference is made to the arrestee." (§ 851.8, subd. (h).) "Destruction . . . shall be accomplished by permanent obliteration of all entries or notations upon the records pertaining to the arrest, and the record shall be prepared again so that it appears that the arrest never occurred. However, where (1) the only entries on the record pertain to the arrest and (2) the record can be destroyed without necessarily affecting the destruction of other records, *then the document constituting the record shall be physically destroyed.*" (§ 851.8, subd. (j), italics added.)[4]

### B. Principles of Statutory Interpretation

In construing a statute, our goal is to ascertain legislative intent so as to effectuate the purpose of the law. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94.) The words of a statute, which are the most reliable indicator of legislative intent, are to be given their usual and ordinary meaning. (*Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 744.) If the statutory language is unambiguous, "we presume the Legislature meant what it said, and the plain meaning of the statute governs." (*People v. Robles* (2000) 23 Cal.4th 1106, 1111.)

Courts may not either insert words or delete words in an unambiguous statute; the drafting of statutes is a legislative power. (*People v. Hunt* (1999) 74

---

[4] There is a statute that became effective after the briefing in this case that gives arrestees the opportunity to have their arrest records sealed, but not destroyed "as a matter of right or in the interests of justice." (§ 851.91, subd. (c).)

6

Cal.App.4th 939, 945-946.) "In construing this, or any, statute, our office is simply to ascertain and declare what the statute contains, not to change its scope by reading into it language it does not contain or by reading out of it language it does. We may not rewrite the statute to conform to an assumed intention that does not appear in its language." (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.)

The last antecedent rule provides that """"qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote."""" (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 744.) "Statutory language is not considered in isolation. Rather, we 'instead interpret the statute as a whole, so as to make sense of the entire statutory scheme.'" (*Bonnell v. Medical Board* (2003) 31 Cal.4th 1255, 1261.) We must also "interpret legislative enactments so as to avoid absurd results." (*People v. Torres* (2013) 213 Cal.App.4th 1151, 1158.)


*C. The Plain Meaning of Section 851.8, Subdivision (c)*

The portion of the statute at issue reads: "In any *case* where a person has been *arrested*, and an *accusatory pleading* has been filed, but where no *conviction* has occurred, the defendant may, at any time after *dismissal* of the action, *petition* the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made." (§ 851.8, subd. (c), italics added.)

The words "case," "arrest," and "accusatory pleading," are all defined by statute. "'Felony case' means a criminal action in which a felony is charged and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a

7

felony." (§ 691, subd. (f).)[5] "An arrest is taking a person into custody, in a case and in the manner authorized by law."[6] (§ 834.) "The words 'accusatory pleading' include an indictment, an information, an accusation, and a complaint." (§ 691, subd. (c).) The word "conviction" generally means the "adjudication of guilt *and* judgment thereon." (*In re De Long* (2001) 93 Cal.App.4th 562, 570.) "'A guilty plea amounts to an admission of every element of the crime and is the equivalent of a conviction.'" (*People v. Jones* (1995) 10 Cal.4th 1102, 1109, disapproved on other grounds in *In re Chavez* (2003) 30 Cal.4th 643, 656.) The word "dismissal" means the termination of the action. (See *People v. Carrillo* (2001) 87 Cal.App.4th 1416, 1421 ["a dismissal . . . cuts off an action or a part of an action against the defendant"].) A "petition" is a request filed in a court for the exercise of its "authority in the redress of some wrong, or the grant of some favor, privilege, or license." (Black's Law Dict. (6th ed. 1990) p. 1145, col. 2.)

Under the statute's plain meaning we interpret the first several clauses of the sentence to be a listing of the requirements (or qualifying conditions) for the filing of a petition for factual innocence. There are five requirements: 1) there must be a "case"; 2) the person must have been "arrested"; 3) the prosecution filed an "accusatory pleading"; 4) "no conviction has occurred"; and 5) the petition had to have been filed after a "dismissal." If these five qualifying conditions are present, then the remainder of the sentence provides that the defendant may then "petition the court . . . for a finding that the defendant is factually innocent of the charges for which the arrest was made." (§ 851.8, subd. (c); see *Renee J. v. Superior Court*, *supra*, 26 Cal.4th at pp. 743-744

---

[5] Here, the felony complaint and the information charged Mazumder with two felony offenses and he ultimately pleaded guilty to a misdemeanor offense. But a case remains a felony case "regardless of the outcome." (Cal. Rules of Court, rule 8.304(a)(2). ) Thus, appellate jurisdiction properly lies with this court rather than with the appellate division. (See *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1096-1097.)

[6] "Any relief which is available to a petitioner under this section for an arrest shall also be available for . . . a detention . . . ." (§ 851.8, subd. (m).)

8

["'"'qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding'"'"].)  Put simply, if a defendant fails to meet the five threshold qualifications, the defendant *may not* petition the court for a finding of factual innocence.

In the instant case, when Mazumder filed his petition he had met only four of the five threshold requirements under section 851.8, subdivision (c):  1) there was a "case"; 2) he had been "arrested"; 3) the prosecution had filed an "accusatory pleading"; and 4) there had been a "dismissal of the action" after Mazumder completed probation.  However, Mazumder's petition failed to meet the further requirement that "no conviction has occurred" in his case.  Again, Mazumder had been convicted of misdemeanor battery.  (See *People v. Jones*, *supra*, 10 Cal.4th at p. 1109 ["'A guilty plea amounts to an admission of every element of the crime and is the equivalent of a conviction'"], disapproved on other grounds in *In re Chavez*, *supra*, 30 Cal.4th at p. 656.)

When a defendant pleads guilty to a felony or misdemeanor crime a "conviction has occurred" in the case, regardless of the particular crime.[7]  (§ 851.8, subd. (c).)  This interpretation is consistent with the statute's purpose, which "'"is for the benefit of those defendants who have not committed *a crime*."'"  (*People v. Chagoyan* (2003) 107 Cal.App.4th 810, 816, italics added.)  That is, a convicted defendant cannot reap the benefits of section 851.8 because, under the circumstances, he or she is not factually innocent of criminal conduct and was therefore properly "subjected to the criminal process." (*People v. Bleich*, *supra*, 178 Cal.App.4th at p. 300 [factual innocence requires a showing that petitioner "was actually innocent and under no set of circumstances could be subjected to the criminal process"].)

Further, because Mazumder is statutorily ineligible for relief under section 851.8, the trial court was not obligated to conduct a futile evidentiary hearing.  Thus, we affirm the court's summary denial of Mazumder's petition.

---

[7] "This section shall not apply to . . . an infraction."  (§ 851.8, subd. (n).)

*D. Relevant Case Law and Further Statutory Analysis*

Mazumder contends *People v. Laiwala* (2006) 143 Cal.App.4th 1065 (*Laiwala*), compels a different result. In *Laiwala*, the police arrested the defendant and the prosecution charged him with grand theft. (*Id.* at pp. 1069-1070.) The defendant was convicted at trial, but the conviction was reversed on appeal based on insufficient evidence. The defendant later filed a petition for a finding of factual innocence. (*Id.* at p. 1067.) The trial court denied the petition following an evidentiary hearing, finding the defendant "may have committed some crime other than the one for which he was arrested." (*Id.* at p. 1072, fn. omitted.) The Court of Appeal reversed: "A factual innocence petition must be granted if the petitioner is 'factually innocent *of the charges for which the arrest was made*.'" (*Ibid.*, italics added.)

Relying on the above quotation from *Laiwala*, Mazumder appears to be arguing that because he was charged with (and presumably arrested for) the two felony offenses, but he pleaded guilty to a misdemeanor battery, then he is entitled to an evidentiary hearing as to the two felony offenses. We are not persuaded. Mazumder has taken the *Laiwala* quotation out of context; a general statement of law is not the "true holding" of a case when it becomes unmoored from its factual underpinnings.

"The fundamental rule for determining the precedential force and applicability of a case is to ascertain its true holding or *ratio decidendi*." (*Santa Monica Hospital Medical Center v. Superior Court* (1988) 203 Cal.App.3d 1026, 1033.) When ascertaining the precedential force of a published case, "*general statements in an opinion must be considered in connection with the circumstances of that case*. General expressions going beyond the facts ought not to compel the determination in a subsequent case, although such general statements may be respected." (*Ibid.*, italics added.)

In *Laiwala*, the circumstances of the case were that the defendant had filed his petition for a finding of factual innocence under section 851.8, subdivision (c), *after* his conviction had been reversed on appeal for insufficient evidence. (*Laiwala*, *supra*,

143 Cal.App.4th at p. 1067.) An appellate court's finding of insufficient evidence is the functional equivalent of an acquittal. (See *People v. McCann* (2006) 141 Cal.App.4th 347, 355.) That is, in *Laiwala* when the defendant filed his petition "no conviction" had "occurred" in the "case" and he was therefore statutorily eligible to "petition the court" for a finding of factual innocence consistent with the plain meaning of the statute. (See § 851.8, subd. (c).) Conversely, the circumstances in the instant case are that when Mazumder filed his petition there had been (and there remains) a disqualifying "conviction" in his "case" as a result of his guilty plea.[8]

We respect the "true holding" of *Laiwala*, *supra*, 143 Cal.App.4th 1065. That is, if a defendant is eligible to petition a court for relief under section 851.8, subdivision (c), then the question for the court is plainly whether "the petitioner is 'factually innocent *of the charges for which the arrest was made*.'" (*Laiwala*, at p. 1072.) Indeed, when there is no "conviction" in a case—as were the circumstances in *Laiwala*—then the only reasonable "charges" that could possibly be at issue *when petitioning to seal and destroy the arrest records* are the "charges for which the arrest was made." (§ 851.8, subd. (c).) But if there is a "conviction" in the "case"—as were the circumstances here—then a court need not consider whether the defendant is factually innocent of the charges for which he was arrested, or the charges to which he pleaded guilty, because a *convicted defendant* is not among the three classes of persons that are statutorily eligible for relief. (See § 851.8, subds. (a)(c)(d) & (e).)

Were we to reverse and order the lower court to consider Mazumder's petition on the merits, then we would effectively be rewriting the statute. It is a well–recognized rule of statutory construction that courts are to give effect to every word and phrase included in a statute, where it is possible to do so consistent with the intent of the Legislature. (See *Meyers v. Retirement Fund of Federated City Employees* (2014) 223

---

[8] The later dismissal of the battery charge under section 1203.4 does not erase or expunge the misdemeanor battery "conviction" as we shall discuss later in this opinion.

Cal.App.4th 1201, 1206.)  Here, if we were we to adopt Mazumder's interpretation of section 851.8, subdivision (c)—a convicted defendant may nonetheless petition the court for a finding of factual innocence—then the explicit requirement that "no *conviction* has occurred" would be rendered meaningless.

Further, Mazumder's novel interpretation of section 851.8, subdivision (c), would lead to absurd results.  When a court makes a finding of factual innocence, it must also order the sealing and destruction of the arrest records.  (§ 851.8, subds. (b)(h) & (j).)  This includes the destruction of the underlying "investigative police reports" where possible.  (§ 851.8, subds. (h) & (j).)  But the facts in the reports often form the basis of a defendant's guilty plea, and that factual basis may later be used for impeachment purposes, or in limited cases, as evidence of the defendant's guilt.  (See Evid. Code, §§ 1101, subd. (b) [evidence to prove "motive, opportunity, intent, preparation, plan," etc.], 1108, subd. (a) [evidence "of another sex offense"], 1109, subd. (a)(1) [evidence of "domestic violence"]; see also *People v. McGuire* (1991) 1 Cal.App.4th 281, 283.)

Additionally, should a defendant be arrested at a later date, the facts in the earlier arrest may appropriately affect the prosecution's discretion as to what charges to file, and how to approach any possible plea bargaining.  The prior arrest may also affect the court's approval of any such plea bargaining, or the court's own sentencing discretion in subsequent cases.  (See *People v. Phillips* (1977) 76 Cal.App.3d 207, 213 ["It is not improper for the probation officer to include the defendant's prior arrests in the probation report nor is it improper for the trial court in its sentencing decision to rely in part on arrests not leading to convictions"].)

Moreover, if a trial court were to find a defendant factually innocent of the offenses for which he was arrested, but not factually innocent of the charges to which he pleaded guilty, then the court would be compelled to somehow order the parsing and piecemeal sealing and destruction of the arrest records.  Such an order would be virtually impossible to implement by the affected law enforcement agencies, and would defeat the

12

purpose of the statute. (See *People v. Matthews*, *supra*, 7 Cal.App.4th at p. 1063 ["We would defeat the statutory purpose of leaving a factually innocent person with an unblemished record and run afoul of the legislative objective sought to be achieved were we to permit the sealing and destruction of only part of an accused's arrest record"].)

Finally, the lower court's summary denial of Mazumder's petition does not offend constitutional "due process" concerns as he claims. (See *People v. Pritchett* (1993) 20 Cal.App.4th 190, 194 [a defendant's "'substantial rights' cannot be affected by an order denying that which he had no right to request"].) Had Mazumder gone to trial on the felony charges, and there were acquittals or a finding of insufficient evidence, then he would have been eligible to file a petition for a finding of factual innocence. (See § 851.8, subd. (e) ["Whenever any person is acquitted of a charge . . . , the judge may grant the relief . . . "]; see also *Laiwala*, *supra*, 143 Cal.App.4th 1065, 1068, fn. 2.)


*E. The Effect of a Section 1203.4 Dismissal Under Section 851.8, subdivision (c)*

A defendant who successfully completes probation can petition the court to set aside his or her guilty plea and dismiss the complaint or information. (§ 1203.4, subd. (a)(1).) If granted, section 1203.4 relief provides substantial benefits; the successful probationer is generally released from all the "penalties and disabilities" which otherwise would have resulted from the convictions. (§ 1203.4, subd. (a)(1); see, e.g., *People v. Guillen* (2013) 218 Cal.App.4th 975 [a defendant is released from his obligation to pay outstanding restitution fines].)

However, relief under section 1203.4 "'does not purport to render the conviction a legal nullity.'" (*People v. Vasquez* (2001) 25 Cal.4th 1225, 1230; see *People v. Frawley* (2000) 82 Cal.App.4th 784, 791 ["Section 1203.4 does not, properly speaking, 'expunge' the prior conviction"]; see also, e.g., *People v. Field* (1995) 31 Cal.App.4th 1778, 1787 [section 1203.4 dismissal does not make the conviction records unavailable to the public].)

13

Indeed, the statute provides that:  "in any subsequent prosecution of the defendant for any other offense, *the prior conviction* may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."  (§ 1203.4, subd. (a)(1), italics added.)  That is, the "prior conviction" continues to exist in perpetuity as a matter of law, despite the dismissal.  (See, e.g., *People v. Diaz* (1996) 41 Cal.App.4th 1424, 1429-1430 [charge dismissed under section 1203.4 can later be alleged as a prior strike]; compare *People v. Barro* (2001) 93 Cal.App.4th 62, 66 ["dismissal under section 1385 . . . operates, as a matter of law, to erase the prior conviction as if the defendant had never suffered the conviction"].)

Here, Mazumder was charged with two felony crimes and pleaded guilty to a misdemeanor crime as part of a negotiated plea bargain.  After successfully completing summary probation, the trial court dismissed the misdemeanor conviction under section 1203.4, and Mazumder was generally released from the "penalties and disabilities" that would otherwise result from the conviction.  (§ 1203.4, subd. (a)(1).)  However, as a result of the negotiated plea deal, the "conviction" still occurred in Mazumder's case, and it still persists as a matter of law.  And as we held in the earlier portion of this opinion, the still existing "conviction" precludes Mazumder from obtaining a finding of factual innocence under section 851.8, subdivision (c).

14

## III

## DISPOSITION

The order is affirmed.

MOORE, ACTING P. J.

I CONCUR:

THOMPSON, J.

**GOETHALS, J.,** dissenting:

Mazumder is statutorily eligible for the relief he seeks pursuant to Penal Code section 851.8, subdivision (c), (section 851.8(c)),[1] since the majority's disagreement with Mazumder's reliance on *People v. Laiwala* (2006) 143 Cal.App.4th 1065 (*Laiwala*) is not well founded. I therefore respectfully dissent.

As the *Laiwala* court observed: "A factual innocence petition must be granted if the petitioner is 'factually innocent *of the charges for which the arrest was made*.' In this case, Laiwala was arrested on a charge of grand theft of a trade secret. He was not arrested for 'data theft.' Accordingly, the absence of any ground for a reasonable belief that the information taken was a trade secret establishes that he is factually innocent of grand theft of a trade secret, the charge for which he was arrested. It is irrelevant whether there was reasonable cause to believe that Laiwala had committed data theft, a crime with which he was never charged and for which he was never arrested." (*Laiwala*, *supra*, 143 Cal.App.4th at p. 1072, quoting § 851.8, subd. (c).)

This analysis is equally applicable here and it compels the same result. Mazumder was arrested and charged with oral copulation of an intoxicated person and oral copulation of an unconscious person. (Former § 288a, subds. (f), (i), renumbered as § 287, subds. (f), (i), without substantive change, by Stats. 2018, ch. 423, § 49, eff. Jan. 1, 2019.) He was not arrested for battery. It is irrelevant he was later charged with and pled guilty to battery. A factual innocence petition must be granted under section 851.8(c) if the petitioner is factually innocent *of the charges for which the arrest was made*. (*Laiwala*, *supra*, 143 Cal.App.4th at p. 1072.)

---

[1] All statutory references are to the Penal Code.

1

The majority's effort to distinguish *Laiwala* is unconvincing. It is true that when Laiwala filed the petition under section 851.8(c) his conviction for grand theft of a trade secret had been reversed on appeal for insufficient evidence. (*Laiwala*, *supra*, 143 Cal.App.4th at p. 1067.) It is also true that when Mazumder filed his petition there had been a conviction based on his negotiated guilty plea to battery. But that distinction makes no difference when considering the applicability of section 851.8 to this case.

As the *Laiwala* court observed, "[t]he district attorney's error was in believing that a factual innocence petition may be denied simply because the petitioner may have committed some crime other than the one for which he was arrested." (*Laiwala, supra,* 143 Cal.App.4th at p. 1072.) Section 851.8 prohibits relief here if Mazumder's "conviction" was related to the two felony sex charges for which he was arrested. [2] It was not. Mazumder pled guilty to a simple misdemeanor battery. The factual basis for that plea does not relate it to the original sexual assault charges. Mazumder was not arrested for committing a simple battery. He is therefore entitled to seek the relief provided for in section 851.8.

Even so, Mazumder is not entitled to such relief as a matter of law. Instead, the matter must be remanded for an evidentiary hearing. '"*In any court hearing to determine the factual innocence of a party, the initial burden of proof shall rest with the petitioner to show that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made*. If the court finds that this showing of no reasonable cause has been made by the petitioner, then the burden of proof shall shift to the respondent to show that a reasonable cause exists to believe that the petitioner

---

[2] Section 851.8(c) provides in relevant part, "In any case where a person has been arrested, and an accusatory pleading has been filed, but where no *conviction* has occurred, the defendant may, at any time after dismissal of the action, petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made." (Italics added.)

committed the offense for which the arrest was made.'"  (*People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1458, quoting, § 851.8, subd. (b).)


GOETHALS, J.