GOETHALS, J., dissenting:
Mazumder is statutorily eligible for the relief he seeks pursuant to Penal Code section 851.8, subdivision (c), ( section 851.8(c) ),[1] since the majority's disagreement with Mazumder's reliance on People v. Laiwala (2006) 143 Cal.App.4th 1065, 49 Cal.Rptr.3d 639 ( Laiwala ) is not well founded. I therefore respectfully dissent.
As the Laiwala court observed: "A factual innocence petition must be granted if the petitioner is 'factually innocent of the charges for which the arrest was made .' In this case, Laiwala was arrested on a charge of grand theft of a trade secret. He was not arrested for 'data theft.' Accordingly, the absence of any ground for a reasonable belief that the information taken was *747 a trade secret establishes that he is factually innocent of grand theft of a trade secret, the charge for which he was arrested. It is irrelevant whether there was reasonable cause to believe that Laiwala had committed data theft, a crime with which he was never charged and for which he was never arrested." ( Laiwala , supra , 143 Cal.App.4th at p. 1072, 49 Cal.Rptr.3d 639, quoting § 851.8, subd. (c).)
This analysis is equally applicable here and it compels the same result. Mazumder was arrested and charged with oral copulation of an intoxicated person and oral copulation of an unconscious person. (Former § 288a, subds. (f), (i), renumbered as § 287, subds. (f), (i), without substantive change, by Stats. 2018, ch. 423, § 49, eff.
*462 Jan. 1, 2019.) He was not arrested for battery. It is irrelevant he was later charged with and pled guilty to battery. A factual innocence petition must be granted under section 851.8(c) if the petitioner is factually innocent of the charges for which the arrest was made . ( Laiwala , supra , 143 Cal.App.4th at p. 1072, 49 Cal.Rptr.3d 639.)
The majority's effort to distinguish Laiwala is unconvincing. It is true that when Laiwala filed the petition under section 851.8(c) his conviction for grand theft of a trade secret had been reversed on appeal for insufficient evidence. ( Laiwala , supra , 143 Cal.App.4th at p. 1067, 49 Cal.Rptr.3d 639.) It is also true that when Mazumder filed his petition there had been a conviction based on his negotiated guilty plea to battery. But that distinction makes no difference when considering the applicability of section 851.8 to this case.
As the Laiwala court observed, "[t]he district attorney's error was in believing that a factual innocence petition may be denied simply because the petitioner may have committed some crime other than the one for which he was arrested." ( Laiwala, supra, 143 Cal.App.4th at p. 1072, 49 Cal.Rptr.3d 639.) Section 851.8 prohibits relief here if Mazumder's "conviction" was related to the two felony sex charges for which he was arrested.[2] It was not. Mazumder pled guilty to a simple misdemeanor battery. The factual basis for that plea does not relate it to the original sexual assault charges. Mazumder was not arrested for committing a simple battery. He is therefore entitled to seek the relief provided for in section 851.8.
Even so, Mazumder is not entitled to such relief as a matter of law. Instead, the matter must be remanded for an evidentiary hearing. " 'In any court hearing to determine the factual innocence of a party, the initial burden of proof shall rest with the petitioner to show that no reasonable cause exists to *748 believe that the arrestee committed the offense for which the arrest was made . If the court finds that this showing of no reasonable cause has been made by the petitioner, then the burden of proof shall shift to the respondent to show that a reasonable cause exists to believe that the petitioner committed the offense for which the arrest was made.' " ( People v. Esmaili (2013) 213 Cal.App.4th 1449, 1458, 153 Cal.Rptr.3d 625, quoting, § 851.8, subd. (b).)

All statutory references are to the Penal Code.

Section 851.8(c) provides in relevant part, "In any case where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, at any time after dismissal of the action, petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made." (Italics added.)