Filed 6/10/22 P. v. Walker CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY WALKER<br><br>Defendant and Appellant. | H049341<br>(Santa Clara County<br>Superior Court No. 146125) |

### THE COURT[1]

Defendant and appellant Jeffrey Walker appeals from an order denying his request for a finding of factual innocence pursuant to Penal Code section 851.5.[2] For the reasons set forth below, we dismiss the appeal.

#### I. PROCEDURAL BACKGROUND

On April 8, 1991, Walker was charged by information with forcible rape of T.T. (§ 261, subd. (a)(2); count 1), and unlawful sexual intercourse with T.T. as well (§ 261.5; count 3). He was also charged with forcible rape (§ 261, subd. (a)(2); count 2) involving a separate incident against victim M.T.

Walker was held to answer on all of the charges following a preliminary examination. He submitted counts 2 and 3 for trial based on the preliminary examination

---

[1] Before Greenwood, P.J., Lie, J. and Wilson, J.
[2] Further statutory references are to the Penal Code.

transcript, police reports and a sexual assault investigation report. (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592.) The district attorney dismissed count 1 and the trial court found Walker guilty of counts 2 and 3. He was sentenced to 2 years for unlawful sexual intercourse in count 2 and 3 years consecutive for the forceable rape in count 3. This court affirmed the judgment in *People v. Walker* (Oct. 6, 1994, No. H011846 [nonpub. opn.]).

On September 27, 2016, Walker filed a section 851.8 motion for a finding that he was factually innocent of the forcible rape of T.T. that was charged in count 1 and dismissed at sentencing. The trial court denied Walker's petition, finding that he had failed to show good cause for the over two-decade delay in filing the petition following the 1991 sentencing, and that he was held to answer on count 1 after a preliminary hearing and ultimately was convicted of a felony offense arising out of the same facts and circumstances.

Walker filed a notice of appeal in March 2017. This court appointed counsel to represent him. In April 2017, appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), stating the case and facts, but raising no issues. We notified Walker of his right to submit written argument on his own behalf. On June 6, 2017, we dismissed the appeal as abandoned following Walker's failure to file a supplemental brief.

Walker filed a second section 851.8 petition in the trial court on March 26, 2021, claiming he had new information to prove his factual innocence, and arguing his involuntary commitment to a state hospital in 2016 prevented him from presenting these new facts during his 2017 section 851.8 proceedings. On April 19, 2021, the trial court denied Walker's motion, finding he was ineligible for relief under section 851.8 because he was convicted of a felony based on the same charged conduct that formed the basis for count 1.

2

Walker filed a motion for reconsideration of the denial of his section 851.8 motion, arguing the court improperly ruled on his motion outside of his presence. On May 18, 2021, the trial court denied his motion for reconsideration.

On July 13, 2021, Walker filed a timely notice of appeal. This court appointed counsel to represent him. On February 2, 2022, prior to the filing of an opening brief, Walker filed a motion to remove appellate counsel and appoint new counsel. He argued that the same attorney was appointed to represent him in the current appeal as had represented him in the 2017 appeal, and there is a conflict of interest because of mistakes Walker believed counsel made in the 2017 appeal.

On February 16, 2022, appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), stating the case and facts, but raising no issues. We notified Walker of his right to submit written argument on his own behalf. On March 4, 2021, and March 15, 2022, he filed supplemental briefs.

Walker filed a second request to remove appellate counsel on February 24, 2022. On May 10, 2022, we denied his requests to remove appellate counsel.

## II. DISCUSSION

Walker argues in his supplemental briefs that he was denied effective assistance of counsel at his 2017 hearing on his first motion for a finding of factual innocence because his attorney misrepresented that he waived his presence at the hearing. He also argues he is being denied effective assistance of counsel in this appeal because his counsel failed to raise the issue of his mental impairment in 2017 and filed a brief pursuant to *Serrano*. Finally, Walker asserts the trial court erred when it failed to hold a hearing on his 2021 section 851.8 motion.

Walker does not raise an arguable issue in his supplemental briefs. His argument that trial counsel was ineffective at the 2017 hearing is not cognizable in this appeal. Walker failed to file a supplemental brief in his appeal from the 2017 order although this court informed him of his right to do so under *Serrano*, and that judgment is long final.

3

Additionally, ineffective assistance of appellate counsel is not a cognizable argument on appeal. An appellant must raise this claim either in a motion to relieve counsel or in a separate petition for habeas corpus. (See *In re Reno* (2012) 55 Cal.4th 428, 487–488, superseded by statute on other grounds as stated in *In re Friend* (2021) 11 Cal.5th 720, 728.) Here, Walker brought two separate motions to relieve appellate counsel that were denied by this court.

Similarly, Walker's final claim, that the trial court violated his constitutional rights by failing to hold a hearing on his second section 851.8 petition, is not arguable on appeal. In denying his petition, the trial court found that because Walker suffered a conviction in this matter, "he is ineligible for relief under the plain language of section 851.8." The trial court was correct as a matter of law.

A finding of factual innocence is available under section 851.8 only where "a person has been arrested, and an accusatory pleading has been filed, *but where no conviction has occurred. . . .*" (§ 851.8, subd. (c); italics added.) Based on the language of the statute, it is well established that a factual innocence finding cannot issue if the individual has suffered any conviction related to the crimes charged. "A court cannot order the partial sealing and destruction of a factually innocent petitioner's arrest records. Section 851.8 does not provide 'for the surgical excision of only certain portions of an arrest record.' [Citation.] 'We would defeat the statutory purpose of leaving a factually innocent person with an unblemished record and run afoul of the legislative objective sought to be achieved were we to permit the sealing and destruction of only part of an accused's arrest record.' " (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 739; citing *People v. Matthews* (1992) 7 Cal.App.4th 1052, 1063.) Here, the accusatory pleading alleged rape in count 1 and unlawful sexual intercourse in count 3 arising from the same incident involving the same victim. Although the rape charge in count 1 was dismissed by the district attorney, Walker was convicted of unlawful sexual intercourse in count 3,

and therefore is not eligible for a finding of factual innocence as to the rape charge in count 1.

As nothing in Walker's supplemental briefs raises an arguable issue on appeal, we must dismiss it. (*Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

### III. DISPOSITION

The appeal is dismissed.