Filed 4/10/23  P. v. Sozahdah CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B319642 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA093308) |
| v. | |
| SIDDIQA SOZAHDAH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Terrance T. Lewis, Judge. Affirmed.

Law Office of Qais Zafari and Qais Zafari for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After Respondent the People dismissed Appellant Siddiqa Sozahdah's charge for grand theft under Penal Code section 487, subdivision (a),[1] Appellant filed a petition under section 851.8 requesting a finding that she was factually innocent and an order destroying her arrest records. The trial court denied the petition. We affirm.

## BACKGROUND

On October 13, 2020, Appellant was arrested for an outstanding warrant after Gerard Boeke filed a police report for grand theft under section 487, subdivision (a). Appellant and Boeke were in a romantic relationship and lived together in late 2019. Appellant alleges that Boeke was abusive towards her throughout their relationship. On or about January 2020, Appellant decided to move out of Boeke's residence. Appellant hired movers to move items into a storage unit. During the move, Boeke claimed that Appellant stole his property valued at approximately $31,066.99.

On November 15, 2021, the prosecution dismissed the case because Boeke did not wish to proceed due to recurrent travel expenses from Florida to Los Angeles for the preliminary hearing.

Appellant filed a motion to seal and destroy arrest records pursuant to section 851.8. The motion argued that Appellant was factually innocent because she did not knowingly take Boeke's property. Appellant claimed the movers she hired unknowingly took some of Boeke's property, and she did not realize until she saw the items in her storage unit. Appellant claims she called and notified Boeke of the mistake, and Boeke retrieved his

---

[1]     All subsequent statutory references are to the Penal Code.

belongings from the storage unit. Appellant argued that the motion should be granted in the interest of justice because she did not have a prior record, was a registered nurse "in the front lines fighting the COVID Pandemic," and because Boeke domestically abused her.

The People filed an opposition based on facts taken from the police report and the People's Disposition Report. The People noted that on January 20, 2020, Boeke's neighbor, John Nilmeyer, saw Appellant load Nike shoe boxes and a large, framed art piece into her car. Another neighbor, Eric Bailey, saw Appellant moving large garbage bags with painted canvases sticking out of them into her car. Bailey contacted Boeke because he believed the paintings belonged to Boeke.

Boeke then arrived at his home and noticed that eight paintings, about 30 pairs of Nike shoes, and various electronics were missing. Boeke confronted Appellant about the missing items and recorded the confrontation. The video showed Appellant repeatedly saying, "What's yours is mine." Appellant said she would keep his property until she and Boeke met without phones or recording devices. Appellant also claimed that Boeke owed her money and that she "didn't want it to be this way."

About 10 days later, Appellant posted a photo of herself on social media wearing a Raiders football team jacket. Boeke provided the prosecution a photo of himself wearing the same jacket before January 20, 2020.

Based on the police report, video evidence, and photographs, the trial court found that Appellant did not meet her burden under section 851.8 and denied the motion to seal her arrest.

3

Appellant timely appealed.

## DISCUSSION

### I. The Trial Court Properly Denied Appellant's Section 851.8 Motion

"There are three classes of persons who may petition the court for a finding of factual innocence.  (§ 851.8, subds. (a), (c), (d) & (e).)  'Those classes are (1) persons who have been arrested but no accusatory pleading has yet been filed [subd. (a)]; (2) persons who have been arrested and an accusatory pleading has been filed but no conviction has occurred [subds. (c) & (d)]; and (3) persons who are "acquitted of a charge and it appears to the judge presiding at the trial . . . that the defendant was factually innocent" [subd. (e)].' "  (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 738 (*Mazumder*).)  Because Appellant was arrested and the People filed an accusatory pleading but dismissed the charges before trial, Appellant is in class (2), and section 851.8, subdivision (c), is the applicable provision here.

Section 851.8, subdivision (c), provides:  "In any case where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, at any time after dismissal of the action, petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made."

Section 851.8, subdivision (b), which prescribes the procedure for petitions under section 851.8, subdivision (c), states in relevant part:  "A finding of factual innocence and an order for the sealing and destruction of records pursuant to this section shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made.  In any court hearing to determine

4

the factual innocence of a party, the initial burden of proof shall rest with the petitioner to show that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. If the court finds that this showing of no reasonable cause has been made by the petitioner, then the burden of proof shall shift to the respondent to show that a reasonable cause exists to believe that the petitioner committed the offense for which the arrest was made."

"A petitioner's burden to establish factual innocence has been described as ' "incredibly high." ' " (*Mazumder*, *supra*, 34 Cal.App.5th at p. 738; see *People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1459 [" 'the record must exonerate, not merely raise a substantial question as to guilt' "], italics omitted.) "[S]ection 851.8 precludes the trial court from granting a petition '*unless* the court finds that *no reasonable cause exists* to believe' the defendant committed the offense charged." (*People v. Adair* (2003) 29 Cal.4th 895, 904 (*Adair*).) "Reasonable cause is a well-established legal standard, defined as that state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." (*Ibid.*, internal quotation marks omitted.) " 'Establishing factual innocence . . . entails establishing as a prima facie matter not necessarily just that the [defendant] had a viable substantive defense to the crime charged, but more fundamentally that there was no reasonable cause to arrest him in the first place.' " (*Id.* at p. 905; see *People v. Forest* (2017) 16 Cal.App.5th 1099, 1110.) To be entitled to relief under section 851.8, "[t]he arrestee [or defendant] thus must establish that facts exist which would lead no person of ordinary care and prudence to believe or conscientiously

5

entertain any honest and strong suspicion that the person arrested [or acquitted] is guilty of the crimes charged." (*Adair*, at p. 904.)

We review a trial court's denial of a petition for factual innocence under the de novo standard. (*Adair, supra,* 29 Cal.4th at p. 908.) Although we "defer to the trial court's factual findings to the extent they are supported by substantial evidence, [we] must independently examine the record to determine whether the defendant has established 'that no reasonable cause exists to believe' he . . . committed the offense charged." (*Id*. at p. 897.)

Appellant suggests that the trial court applied the wrong legal standard because it stated that Appellant can be found factually innocent "*only if no cause* exists to believe that [she] committed the offense." As discussed further below, even applying the "no reasonable cause" standard set forth above, Appellant fails to meet her burden.

Appellant's primary contention is that she could not be guilty of grand theft because she did not take any of Boeke's "belongings knowingly." To have the requisite intent for theft, a defendant must either intend to deprive the owner permanently, or to remove it from the owner's possession for so extended a period of a time that the owner would be deprived of a major portion of the property's value or enjoyment. (See *People v. Avery* (2002) 27 Cal.4th 49, 57–58.)

The record shows a plethora of evidence that would lead a reasonable person of ordinary prudence to harbor a strong suspicion that Appellant intended to deprive Boeke of his property, either permanently or for an extended period of time so as to deprive him of a major portion of his property's value or enjoyment. Nilmeyer, Boeke's neighbor, saw Appellant load

6

Nike shoe boxes and a large-framed art piece into her car. Bailey, another neighbor, saw Appellant move large garbage bags with painted canvases sticking out of them into her car. The video evidence shows Appellant insinuating that she took Boeke's belongings intentionally. She states that Boeke owes her money and she did not "want it to be this way." She also states, "what's yours is mine," implying that Boeke's property is also hers to take. Appellant further states in the video that she would meet with Boeke without phones to resolve everything. The police report notes, "it can be inferred that she has his belongings and is keeping them until he agrees to meet with her under different circumstances." Ten days later, Appellant posted a photo on social media wearing Boeke's Raiders team jacket. Boeke provided the police of a photo of himself wearing the same jacket prior to the theft.

Appellant cherry-picks a statement from the police report that says, "[t]he videos do not depict a theft. It appears Susp-1 is collecting her belongings." However, the report goes on to say, "If Susp-1 is responsible for the theft, it was done prior to these videos." As such, the lack of video evidence depicting the actual theft is not dispositive given the other evidence in the record, including photographs, witness accounts, and statements Appellant made in the video implying she knew she was taking Boeke's property.

In sum, having considered the totality of the evidence, including the police report, video evidence, witness accounts, and photographs, we cannot conclude there were facts "which would lead no person of ordinary care and prudence to believe or conscientiously entertain any honest and strong suspicion that

[Appellant] is guilty of the crime[] charged." (*Adair, supra*, 29 Cal.4th at pp. 904–905, 909.)

## DISPOSITION

The trial court's order denying Appellant's section 851.8 motion is affirmed.

VIRAMONTES, J.

We Concur:

STRATTON, P. J.

WILEY, J.