Filed 3/15/22  P. v. Campos CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MANUEL ALFREDO CAMPOS,<br><br>    Defendant and Appellant. | G060018<br><br> (Super. Ct. No. 10NF2240)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed.

Martin Schwarz, Public Defender, Sara Ross, Assistant Public Defender, and Hans Corteza, Deputy Public Defender, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

In December 2010, Manuel Alfredo Campos entered a plea agreement with the prosecutor in which he agreed to a 53-year prison term. That sentence was imposed by the trial court. Under the agreement, Campos pleaded guilty to three counts of forcible lewd conduct committed against a child under 14 years old and admitted to penalty enhancement allegations for a prior serious or violent felony conviction and a prior prison term. (Pen. Code,[1] §§ 288, subd. (b)(1)); 667, subds. (d), (e)(1); 667, subd. (a)(1).) In exchange, the prosecutor agreed to dismissal of seven other child sex offense counts, each of which either independently or in conjunction with their respective alleged enhancements would have required a life term upon conviction. (See §§ 288.7, subd. (b) [four counts of oral copulation or sexual penetration of a child 10 years old or younger; 15 years to life term for each conviction]; 288, subd. (a) [three counts of a lewd act on a child under age 14]; 667.61, subds. (a), (d) [25 years to life term where defendant was convicted of qualifying prior sex offense; 1988 Riverside County § 288, subd. (a) conviction alleged]; 667.61, subds. (b), (e) [15 years to life term for sex offenses committed against more than one victim].)

In December 2020, Campos petitioned the trial court to recall his sentence and resentence him under section 1170.91. Section 1170.91 requires the trial court to consider a defendant's service-related post-traumatic stress disorder (PTSD) and similar conditions "as a factor in mitigation" at the defendant's original sentencing or upon recall and resentencing, provided that the condition "[w]as a result of his or her military service." (§ 1170.91, subd. (a).) As we explain, section 1170.91 by its terms requires

---

[1] All further statutory references are to this code.

2

consideration of this mitigating factor—whether at sentencing or upon recall and resentencing—"when imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).) In other words, the trial court must be in a position to exercise its discretion to select from the triad of possible statutory terms—low, middle, or high—under the determinate sentencing law. (Former § 1170, subd. (b), now § 1170, subd. (b)(1).)

Accordingly, reviewing courts have consistently concluded that sentencing relief is not available under section 1170.91 when the only possible sentence that may be imposed is either an indeterminate life term or a specific term of years. (E.g., *People v. Stewart* (2021) 66 Cal.App.5th 416, 423-424 (*Stewart*).) Similarly, the decisions are uniform that resentencing is not available under section 1170.91 in the circumstances here because, by statutory command (§ 1192.5), the trial court may not adjust a negotiated plea agreement by selecting a determinate triad term that differs from that contained in the parties' plea agreement. (*People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*); *People v. King* (2020) 52 Cal.App.5th 783 (*King*).)[2]

Relying on the dissent in *Brooks*, Campos argues that *Brooks* and *King* were wrongly decided. We disagree. *Brooks* and *King* correctly explain that the relief authorized by section 1170.91 is not open-ended; it is limited to those situations in which the trial court is free to exercise its triad selection discretion. That sentencing discretion only exists when the trial court has taken an "open plea."[3] We must apply

_____

[2] *People v. Pixley* (2022) ___ Cal.App.5th ___ [2022 D.A.R. 2389], decided on March 4, 2022, now adds to this unbroken line of authority.

[3] "An open plea is one under which there is no promise about the nature or duration of the defendant's sentence." (*People v. Henderson* (2021) 67 Cal.App.5th 785, 788.) By contrast, a negotiated plea bargain is akin to an enforceable contract, with the defendant pleading in exchange for assurances as to the length of his sentence (*People v. Blount* (2009) 175 Cal.App.4th 992, 997) or other terms (*People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4).

3

section 1170.91 according to its terms. (*People v. Valliant* (2020) 55 Cal.App.5th 903, 912 (*Valliant*).) We therefore affirm the trial court's ruling denying Campos's recall and resentencing petition.

## BACKGROUND

In reaching his plea agreement with the prosecutor, Campos admitted the factual basis for the three counts to which he pleaded guilty, including that each count involved a different child victim. Campos was 62 years old at the time he entered his guilty plea.

The prosecutor who negotiated the 2010 plea agreement represented the People at the hearing on Campos's section 1170.91 petition. The prosecutor indicated that "Mr. Campos sought to avoid a trial with his three granddaughters testifying against him. In exchange for that, the People agreed to a stipulated 53-year sentence knowing that Mr. Campos likely would not be able to survive that sentence given his age at the time." The prosecutor was "aware of [Campos's] military service," but he "d[id]n't believe there was any specific claim of posttraumatic stress disorder at the time of the negotiation . . . ."

Based on a 2020 psychological evaluation that Campos submitted with his petition, the trial court noted "his P.T.S.D. may not have been known in 2010. The report seems to indicate it's [in] the last ten years [that] he's been re-evaluated and had it." The trial court concluded as to the date of the report: "He gets the benefit of looking at it."

Nevertheless, the trial court concluded that Campos "cannot obtain the relief afforded under section 1170.91 because he cannot be resentenced under subdivision 'b' of [section] 1170 to an upper, middle or lower [term] based on factors of aggravation and mitigation." The court noted this was the rationale provided by *King* and *Brooks* in which both petitioners had similarly agreed to stipulated sentences and

4

therefore fell outside the discretionary triad resentencing contemplated by section 1170.91.

The trial court also questioned as a practical matter "how a negotiated plea [c]ould go for a resentencing. How do I weigh those seven dismissed counts particularly when . . . there's no evidence? There's no conviction. There's no facts at least admitted [ones]. Am I allowed to read police reports? What evidence do I look at in determining if the facts of the case outweigh any mitigating factors of P.T.S.D. and military service, which is an important factor [in considering] another sentence if it is a negotiated plea, and [whether] I would resentence Mr. Campos?"

Earlier in the hearing, defense counsel argued that the dismissed counts should be ignored at any resentencing because recalling the sentence would amount to, according to counsel, "putting the situation back into place *after* the plea was taken" and "the counts were dismissed but before sentence [was] pronounced." (Italics added.) According to counsel, the court could disregard the counts the prosecutor agreed to dismiss as part of the negotiated plea. Rather, the court could "consider if there [are] any mitigating factors, Mr. Campos'[s] military status, mental health status derived from military [service] and consider[ whether] this [negotiated] sentence should go forward."

The court was not persuaded. It emphasized "section 1192.5's mandate" under which a "court may not proceed as to [a negotiated] plea other than as specified in the plea." At the end of the hearing, the court returned to this consideration. Observing that Campos's negotiated plea stipulated an aggregate 53-year prison sentence broken down into respective terms (in years) of "16, 16, 16 consecutive plus five," the court queried, "How could I go down from there without violating my obligation not to dismiss counts?" The court concluded section 1170.91 did not authorize recall and resentencing in the circumstances here. Campos now appeals.

5

## DISCUSSION

Campos contends the trial court erroneously denied his petition because section 1170.91 requires courts to "permit veterans to petition to have their sentences recalled irrespective [of whether] their sentences were part of a negotiated disposition with the prosecution." Because this contention raises a pure issue of statutory interpretation, our review is de novo. (*Valliant*, *supra*, 55 Cal.App.5th at p. 907.)

"'Our task in interpreting a statute "is to ascertain and effectuate legislative intent. [Citations.]" [Citation.] In order to do so, "[w]e turn first to the words of the statute themselves, recognizing that 'they generally provide the most reliable indicator of legislative intent.'"" (*Valliant*, *supra*, 55 Cal.App.5th at p. 908.) When the statutory language is clear and unambiguous, we apply it as written—particularly on matters of policy because that is the Legislature's prerogative.[4] (*Id.* at pp. 908, 912; see, e.g., *Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66, 71 ["aside from constitutional policy, the Legislature, and not the courts, is vested with the responsibility to declare the public policy of the state"].)

Section 1170.91 was enacted in 2014 and became effective on January 1, 2015. (Stats. 2014, ch. 163, § 2.) The original statute (which is now subdivision (a) of

---

[4] In *Valliant*, for example, we determined that by its plain terms section 1170.91, subdivision (b)(1)(B), required that a defendant must have been sentenced before January 1, 2015, to be eligible for recall and resentencing under the statute. Bound by that language, we observed that the defendant, who was sentenced after the specified date but without consideration of his claim of qualifying service-related conditions, "may be unusual [but] we doubt . . . unique." (*Valliant*, *supra*, 55 Cal.App.5th at p. 912.) We therefore invited the Legislature "to revisit this issue and, if it believes it is appropriate to do so, to provide Valliant and any other veteran in a similar position, with statutory relief." (*Ibid.*; see also Justice Liu's concurring statement in the Supreme Court's denial of review of *Valliant* on Feb. 17, 2021, S265734 ["I echo the Court of Appeal's call for renewed legislative attention to this issue"; noting as to the defendant that the United States Department of Veterans Affairs did not verify until 2017 "that his conditions stemmed from his military service"].)

6

section 1170.91) requires a court, "when imposing a term under subdivision (b) of Section 1170," to consider as a mitigating factor the fact that the defendant "is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems"—provided that the court concludes the condition "[i]s a result of his or her military service." (§ 1170.91, subd. (a); see also former § 1170.91, Stats. 2014, ch. 163, § 2.) As noted, section 1170, subdivision (b), is the determinate sentencing statute that applies when punishment may be a low, middle, or high term; the statute specifies that the choice of the applicable term rests within the "sound discretion" of the trial court. (§ 1170, subd. (b)(1).)

In 2018, the Legislature added subdivision (b) to section 1170.91. It permits retrospective relief from a final judgment, under certain conditions: "A person currently serving a sentence for a felony conviction, *whether by trial or plea*, who is, or was, a member of the United States military and who may be suffering from [the conditions identified in subdivision (a)] as a result of his or her military service may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a) if the person meets" two criteria. (§ 1170.91, subd. (b)(1), italics added.) Those prerequisites are that the person's condition "was not considered as a factor in mitigation at the time of sentencing," and, as previously noted, that the person was sentenced before 2015. (§ 1170.91, subd. (b)(1)(A) & (B).)

Campos relies on subdivision (b)'s "whether by trial or plea" language to argue he is eligible for recall and resentencing. In context, however, the "plea" referenced in the statute can only be an open plea, not a negotiated one. It is axiomatic that "'[s]tatutory language is not considered in isolation,'" but instead "'"as a whole, so as to make sense of the entire statutory scheme."'" (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 740.)

7

As the *Stewart* court observed, "Significantly, section 1170.91, subdivision (b) permits resentencing only 'pursuant to subdivision (a)'; and subdivision (a) applies only 'when imposing a term under subdivision (b) of Section 1170.'" (*Stewart*, *supra*, 66 Cal.App.5th at p. 423.) Thus, "[t]he only reasonable interpretation of this language is that a petitioner is not eligible for relief under section 1170.91 unless he or she would be resentenced under section 1170, subdivision (b)—i.e., unless the potential penalty for at least one element of the sentence is a determinate triad." (*Stewart*, at p. 423.) Consistent with this interpretation, courts have held that "'section 1170.91 only applies to determinate terms imposed under section 1170, subdivision (b).'" (*Ibid.*, quoting *People v. Estrada* (2020) 58 Cal.App.5th 839, 843 (*Estrada*).)

In *Stewart* and *Estrada* the only possible penalty for the defendants' respective felony convictions were indeterminate terms: 25 years to life for Stewart "as a third striker" and 15 years to life for Estrada's second-degree murder conviction. (*Stewart*, *supra*, 66 Cal.App.5th at pp. 423-424; *Estrada*, *supra*, 58 Cal.App.5th at p. 843.) The enhancement penalties that each defendant faced, while determinate, were fixed at five-year or one-year terms, respectively; the sentencing court had no triad-related discretion pursuant to section 1170, subdivision (b). (*Stewart*, at pp. 423-424; *Estrada*, at p. 844.) Accordingly, under the "plain language of the statute" (*Estrada*, at p. 842), since "there was no way the trial court could have sentenced [the defendant] to a determinate triad term" (*Stewart*, at p. 424), neither defendant was eligible for section 1170.91's sentence recall and resentencing relief. (*Estrada*, at pp. 843-844; *Stewart*, at pp. 424-427.)

*Stewart* recognized that section 1170.91 "does not look to whether the petitioner was *originally sentenced* to a determinate triad term. It says [it applies] '*when imposing* a term under subdivision (b) of Section 1170. [Citation.] Thus, it looks to whether the petitioner is eligible for *resentencing* to a determinate triad term." (*Stewart*,

8

*supra*, 66 Cal.App.5th at p. 424.)  In *Stewart*, as in *Estrada*, the trial court's potential resentencing options did not include any determinate triad, only the same life term and single-term penalty enhancements as at the defendants' original sentencing hearings. Thus, section 1170.91 did not apply.  (*Estrada*, at pp. 843-844; *Stewart*, at pp. 424-427.)

*Estrada* and *Stewart* both make clear that section 1170.91 does not permit the trial court to craft sentencing relief beyond the terms of the statute.  In *Estrada*, the defendant argued he was "statutorily eligible for recall and resentencing under section 1170.91, subdivision (b)(1), because he requested resentencing to a determinate term for voluntary manslaughter, a lesser offense of murder."  (*Estrada*, *supra*, 58 Cal.App.5th at p. 843.)  While voluntary manslaughter is punishable by a sentencing triad of low, middle, and high terms (§ 193, subd. (a)), Estrada had pleaded no contest to second degree murder, not the lesser offense.  The court found no support for the proposition that "the trial court is empowered, on consideration of a section 1170.91 resentencing petition, to modify a final judgment so that [the defendant] is convicted of a lesser crime.  Had the Legislature intended this result, it would have said so.  It did not." (*Estrada*, at pp. 843-844.)

Similarly, *Stewart* explained that section 1170.91 "is not a vehicle for obtaining the opportunity to make a [] motion [under *People v. Superior Court* (1996) 13 Cal.4th 497 (*Romero*)]" to strike strikes to bring a defendant within triadic resentencing.  (*Stewart*, *supra*, 66 Cal.App.5th at p. 424.)  Instead, by its terms, section 1170.91 "requires the trial court, if resentencing is granted, to consider the petitioner's military-related disorder 'as a factor in mitigation *when imposing a term* under subdivision (b) of [s]ection 1170."  [Citations.]  It does not require the trial court to consider it when deciding *whether* to impose a term under section 1170, subdivision (b). In other words, granting a *Romero* motion is not imposing a term.  The trial court must consider the military-related disorder as a mitigating factor only when making a choice from a triad."  (*Stewart*, at p. 424, original italics.)

9

Thus, *Stewart* determined that, just as *Romero* relief is not contemplated in section 1170.91, the statute does not authorize a petitioner to make a new request for the court to reconsider striking a strike under Proposition 36, this time in the context of a service-related condition. (*Stewart*, *supra*, 66 Cal.App.5th at pp. 425-427.) Put another way, "courts . . . have no general equitable power to modify a final criminal judgment. The power granted by section 1170.91 can be exercised only in accordance with section 1170.91." (*Id.* at p. 424.)

Construing the same statutory language as *Stewart* and *Estrada*, *King* and *Brooks* reached the identical conclusion regarding negotiated pleas: section 1170.91 does not apply to authorize recall and resentencing because the court lacks the triadic resentencing discretion contemplated by the statute.

As *King* explained, the petitioner there was not precluded from obtaining relief "merely because he entered into a plea agreement," but rather, "[u]nlike a defendant who enters into an open plea, [he] also agreed to a specific prison term of 30 years."[5] (*King*, *supra*, 52 Cal.App.5th at p. 790.) "When the plea is accepted by the prosecuting attorney in open court and is approved by the court, . . . *the court may not proceed as to the plea other than as specified in the plea*." (§ 1192.5, subd. (b), italics added.) Thus, "a court may not modify the terms of a plea agreement while otherwise leaving the agreement intact, 'nor may the court effectively withdraw its approval by later modifying the terms of the agreement it had approved.'" (*Brooks*, *supra*, 58 Cal.App.5th at pp. 1106-1107.)

*King* observed under longstanding precedent that, at sentencing, "'"'Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to

---

[5]     The *King* defendant originally faced charges that he committed 30 counts of physical and sexual abuse against two stepchildren, all but five of which—with consecutive six-year terms for each—were dismissed under the plea agreement. (*King*, *supra*, 52 Cal.App.5th at pp. 787, 790.)

10

violate it, directly or indirectly.'"""" (*King*, *supra*, 58 Cal.App.5th at p. 791.)  But """"[o]nce the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree."""""  (*Ibid.*, quoting *People v. Stamps* (2020) 9 Cal.5th 685, 701 (*Stamps*).)

*King* held that "because King entered into a plea, which included a stipulated sentence for a term of 30 years, even if the trial court granted relief under the petition by recalling King's sentence and holding a new sentencing hearing, it would be precluded from considering King's mental health and substance abuse problems in mitigation and imposing a lesser prison sentence when [re]sentencing King.  Instead, based on the plea agreement, which remains in force, the trial court would still be required to impose the stipulated sentence of 30 years in prison."  (*King*, *supra*, 52 Cal.App.5th at p. 791.)  In other words, "a petitioner, like King, who agreed to a stipulated sentence for a specific prison term cannot obtain the relief afforded under section 1170.91, subdivision (b)(1), as that petitioner cannot be resentenced under subdivision (b) of Section 1170 to an upper, middle or lower term based on factors in mitigation and aggravation."  (*King*, at p. 791.)

*Brooks* agreed with *King*, finding that "[t]he premise of Brooks's argument—that there is triad sentencing discretion to exercise here—is incorrect." (*Brooks*, *supra*, 58 Cal.App.5th at p. 1107.)  To the contrary, while "[t]he plain language of section 1170.91 is clear that any resentencing relief shall occur through the mechanisms of the determinate sentencing triad," citing *King*, "any exercise of discretion reducing Brooks's sentence would necessarily modify the terms of his plea agreement while otherwise leaving the plea agreement intact.  Nothing in the statute suggests an intent to overturn, sub silentio, long-standing plea-bargaining law binding courts to the agreements they approve."  (*Brooks*, at p. 1107.)

*Brooks* considered and rejected the possibility that recall and resentencing authority under section 1170.91 operated the same as under section 1170, subdivision (d), as advanced by Presiding Justice Pollak in his dissent. (*Brooks, supra,* 58 Cal.App.5th at pp. 1110-1112 (dis. opn. of Pollak, P.J.).) Campos "echoes and invites this Court to likewise adopt" the *Brooks* dissent. As the majority explained, however, the language the Legislature specified to govern a section 1170.91 recall and resentencing is different than what the Legislature previously adopted in section 1170, subdivision (d).

The portion of the latter statute on which the dissent in *Brooks* relied provides that a trial court may, in certain circumstances, recall and resentence defendants "as if they had not previously been sentenced." (Former § 1170, subd. (d)(1); Stats. 2020, ch. 29, § 15; *Brooks*, *supra*, 58 Cal.App.5th at p. 1111 (dis. opn. of Pollak, P.J.).) Those "narrow" circumstances in which resentencing is entirely anew "as if [the defendant] had not previously been sentenced" were, as the *Brooks* majority observed, specified by then-subdivision (d)(1): "When the sentencing court, on its own motion, recalls the sentence within 120 days of the commitment, or 'at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced.'" (*Brooks*, *supra*, at p. 1108, fn. 2.) "Because none of those situations is involved when a defendant petitions for resentencing under section 1170.91, subdivision (b), the reference in section 1170, subdivision (d) to resentencing the defendant as if he had not previously been sentenced is irrelevant." (*Ibid.*)

Section 1170.91 does not include the plenary "as if they had not previously been sentenced" resentencing authority granted under former section 1170, subdivision (d)(1); it specifies that the trial court's recall and resentencing capability is activated by and limited to certain mitigating considerations "when imposing a term under subdivision (b) of Section 1170." The different language indicates a different

12

legislative intent. (See *Rashidi v. Moser* (2014) 60 Cal.4th 718, 726.) "'"'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed."'"' (*Ibid.*)

This difference in language also distinguishes the *Brooks* dissent's reliance on a quotation from *Stamps*. Conceding that a "trial court may not modify the plea agreement by unilaterally altering its terms," the dissent argued—presuming that section 1170.91 is analogous to former section 1170, subdivision (d)(1)—that "the court does retain the authority to withdraw its approval of the plea agreement—an authority that 'has been described as "near-plenary."'" (*Brooks*, *supra*, 58 Cal.App.5th at p. 1111 (dis. opn. of Pollak, P.J.).) As noted, the premise underlying the analogy to a broadly-worded recall and resentencing statute is absent because of the different statutory language.[6]

Moreover, the reference in *Stamps* to "near-plenary" authority to withdraw approval of a plea agreement is inapposite because the issue there was the trial court's original sentencing authority in a nonfinal case. In *Stamps*, the Supreme Court considered the retroactive effect of Senate Bill No. 1393, which restored trial court authority that had previously been expressly forbidden under section 1385, namely, to strike serious felony enhancements. (*Stamps*, *supra*, 9 Cal.5th at p. 700.) The court found under the "*Estrada* rule" that these amendments to section 1385 applied "'provided

---

[6] The *Brooks* dissent conceded that, "as the majority notes, the conditions that bring section 1170[, subdivision (d)(1),] into play are of course different from the conditions authorizing recall under section 1170.91." (*Brooks*, *supra*, 58 Cal.App.5th at p. 1111, fn. 4 (dis. opn. of Pollack, P.J.).) Nevertheless, reasoning that "a recall of sentence is still a recall of sentence," the dissent concluded: "In either case the defendant must be resentenced and *there is no indication that the court's authority is any less in one situation than the other*." (*Ibid.*, italics added.) The distinct language in each statute prevents us from agreeing with this conclusion.

13

the judgment convicting the defendant of the act is not final.'" (*Stamps*, at p. 699, citing *In re Estrada* (1965) 63 Cal.2d 740, 745.) As the high court observed regarding the presumption it established in *In re Estrada*, "'"[A] legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary *between sentences that are final and sentences that are not*."'" (*Stamps,* at p. 699, italics added.)

*Stamps* rejected the defendant's proposed remedy "to remand to the trial court to consider striking the serious felony enhancement while otherwise maintaining the plea agreement intact." (*Stamps*, *supra*, 9 Cal.5th at p. 700.) The Supreme Court affirmed "long-standing law limit[ing] the [trial] court's unilateral authority to strike an enhancement yet maintain other provisions of the plea bargain." (*Id.* at p. 701.) "Nothing in the language and legislative history of Senate Bill 1393 suggests an intent to modify section 1192.5's mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Stamps*, at p. 704.)

*Stamps* nevertheless concluded the defendant was entitled to "some relief" in light of the trial court's new sentencing authority. (*Stamps*, *supra*, 9 Cal.5th at p. 705.) This relief stemmed from the trial court's "role in approving a plea agreement." (*Ibid.*) The applicable statutory scheme (§ 1192.5) "contemplates that a court may initially indicate its approval of an agreement at the time of the plea but that 'it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter . . . .'" (*Stamps*, at pp. 705-706.) Thus, the trial court, "'upon sentencing, has broad discretion to withdraw its prior approval of a negotiated plea.'" (*Id.* at p. 706.) Indeed, that authority is "'near-plenary.'" (*Id.* at p. 708.) Accordingly, *Stamps* held the defendant "should be given the opportunity to seek the [trial] court's exercise of its section 1385 discretion." (*Id.* at p. 707.)

14

*Stamps, supra,* 9 Cal.5th 685, explained that a trial court presented with such a request could "indicate[] an inclination to exercise its discretion under section 1385" (*id.* at p. 707), which, in order to act upon, would necessarily entail exercising its wide discretion to "withdraw its prior approval of the plea agreement" (*id.* at p. 708). Based on the prospect the trial court might withdraw its previous assent in taking a plea in light of its authority to strike serious felony enhancements, the defendant could withdraw his or her plea. (See *id.* at p. 707.) *Stamps* also observed that "the prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail." (*Ibid.*) And "[b]arring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . .'" (*Ibid.*) *Stamps* explained that if the trial court on remand "decline[d] to exercise its discretion under section 1385, that ends the matter and defendant's sentence stands." (*Ibid.*)

In our view, the dissenting justice's reliance in *Brooks* on this portion of *Stamps* is misplaced because *Stamps* involved a nonfinal adjudication. Section 1192.5 addresses trial proceedings, including entry of a plea, preliminary approval thereof, and any subsequent sentencing, but says nothing about recall and resentencing. It specifies that "prior to the making of the plea," the court must inform the defendant that it "may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter." (§ 1192.5, subd. (c).) It does not say the trial court has discretion to do so after a final judgment. As *Stamps* observed, there is a difference "'"between sentences that are final and sentences that are not.'"" (*Stamps*, *supra*, 9 Cal.5th at p. 699.) Campos provides us with no authority that the trial court has the same plenary authority to withdraw its approval of a plea after a judgment as it does before the judgment becomes final.

15

As a result, we agree with the *Brooks* majority that "the problem Brooks ha[d]" there, as Campos does here, "is that section 1170.91 does not eliminate the legal basis for his conviction or grant the trial court unfettered discretion to reconsider an aspect of his sentence that would in turn affect his plea bargain. All it does is allow a court to take certain mitigating factors into account, and only insofar as the court is otherwise permitted to exercise discretion in the selection of a low, middle, or high term from within the applicable sentencing triad." (*Brooks*, *supra*, 58 Cal.App.5th at p. 1107.)

Thus, we return to the conclusions contained in *Stewart* and *Estrada*. Section 1170.91 "is not a vehicle for obtaining" a change in the defendant's final conviction so that he or she becomes eligible for the triadic discretionary resentencing that the statute contemplates. (*Stewart*, *supra*, 66 Cal.App.5th at p. 424.) Under the "plain language of the statute" (*Estrada, supra,* 58 Cal.App.5th at p. 842), a trial court is not empowered "on consideration of a section 1170.91 resentencing petition, to modify a final judgment . . . ." (*id.* at pp. 843-844). Rather, its recall authority to consider a petitioner's service-related mitigating factors exists under section 1170.91 when, by virtue of the conviction for which he or she is "currently serving a sentence . . . , whether by trial or plea" (§ 1170.91, subd. (b)(1)), the trial court is in a position on resentencing to "impos[e] a term under subdivision (b) of Section 1170" (*id.* at subd. (a)). "We cannot '"rewrite a statute, either by inserting or omitting language, to make it conform to a presumed intent that is not expressed."'" (*Cahill Construction Co., Inc. v. Superior Court* (2021) 66 Cal.App.5th 777, 787.)

16

## DISPOSITION

The trial court's postjudgment ruling denying Campos's petition for recall and resentencing under section 1170.91 is affirmed.


GOETHALS, J.

WE CONCUR:


FYBEL, ACTING P. J.


ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.