Filed 11/6/23 Modified and Certified for Pub. 11/28/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODNEY DEON HOLLIE,<br><br>    Defendant and<br>    Appellant. | B321325<br><br>(Los Angeles County<br>Super. Ct. No. NA054828) |

APPEAL from an order of the Superior Court of Los Angeles County, James Otto, Judge. Affirmed.

Winston Kevin McKesson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising

Deputy Attorney General, and Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.

_____

Rodney Hollie was convicted following a jury trial in 2004 of first degree murder and robbery arising from the shooting death of James Treder on July 12, 2002 and attempted murder and a second count of robbery based on two separate incidents on June 30, 2022.  In January 2020 the superior court granted Hollie's petition for resentencing pursuant to Penal Code section 1172.6 (former section 1170.95),[1] expressly finding Hollie had been a major participant in the robbery of Treder but not the actual shooter and impliedly finding he did not act with reckless indifference to human life during the robbery.  The court vacated the murder conviction, resentenced Hollie on the remaining three convictions and ordered him released from custody based on time served.

In 2021 Hollie petitioned pursuant to section 851.8 for a finding of actual innocence, arguing as evidence of his innocence that Treder's companion, the only eyewitness to the robbery-murder, had not identified Hollie as a participant in the crime and that the prosecutor had withheld exculpatory evidence in violation of *Brady v. Maryland* (1963) 373 U.S. 83.  The superior court denied the petition.

On appeal Hollie argues the order vacating his murder conviction under section 1172.6 necessarily entitled him to a finding of factual innocence.[2]  We affirm.

_____

[1]     Statutory references are to the Penal Code.

[2]     Hollie also suggests in his opening brief that he was subject to a discriminatory prosecution in violation of the Racial Justice Act, section 745, subdivision (a).  That issue is not properly before

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Hollie's Convictions for Murder, Attempted Murder and Robbery*

In the early morning of July 13, 2002 two young Black men approached Treder and Tyese Givens as they sat in their parked car (a black 2002 Mercedes CL500).[3]  After a brief struggle taking place through the driver's side window, one of the young men shot and killed Treder.  Hollie's left palm print was found on the driver's side door of the Mercedes, which had been detailed the day before the murder and was largely inaccessible to the public after the detailing and before the crime.  According to Givens, the young man who remained behind the principal at the time of the initial confrontation had a "big afro" of about four or five inches.  A July 19, 2002 photograph introduced at trial established that Hollie, 15 years old at the time of the crimes, wore his hair in a four- to five-inch afro as of that date.

Two weeks earlier a car with four Black men drove near Felipe Gonzalez's car in Long Beach.  Gonzalez heard several gunshots and realized he had been hit.  A bullet was recovered from his stomach.  About the same time, also in Long Beach, a car pulled up parallel to Allan Calulot's car.  A Black male left the car, pointed a gun in Calulot's face and demanded his wallet.  The driver of the car also yelled for Calulot to give up his wallet.

---

us in reviewing the denial of a section 851.8 petition.  (See § 745, subd. (b) [after judgment has been entered and a defendant is no longer in custody, an allegation of a violation of section 745, subdivision (a), must be filed in a motion under section 1473.7].)

[3]     In his brief on appeal, as he did in the superior court, Hollie adopts for purposes of his petition the facts as recited in our decision affirming his convictions on direct appeal, *People v. Hollie* (Sept. 21, 2006, B175934) [nonpub. opn.].

3

Hollie admitted following his arrest (after being advised of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436) that he had been the driver of the car during the attempted murder of Gonzalez and the robbery of Calulot.

Hollie was convicted by a jury of first degree murder, attempted murder and two counts of robbery with a true finding on a firearm enhancement allegation and sentenced to an indeterminate state prison term of 26 years to life. We affirmed the judgment on appeal, rejecting Hollie's arguments that the evidence was insufficient to find him guilty as an aider and abettor of any of the crimes charged and that the trial court had abused its discretion in denying his motions to suppress his admissions relating to the shooting of Gonzalez and the robbery of Calulot and to sever trial of the charged offenses. (*People v. Hollie* (Sept. 21, 2006, B175934) [nonpub. opn.].)

2. *The Petition for Resentencing*

On January 28, 2020 the superior court granted Hollie's petition for resentencing pursuant to section 1172.6 and dismissed his conviction for Treder's murder. The minute order stated the court found Hollie "is a major participant based on conviction by the jury but is not the actual shooter." The record on appeal does not indicate why the court determined Hollie had been tried for Treder's murder under the felony-murder rule, and the court's order does not include further findings regarding Hollie's mental state—that is, whether he had acted with malice as an aider and abettor or with reckless indifference to human

4

life under the amended version of the felony-murder rule in section 189, subdivision (e)(3).[4]

The court resentenced Hollie to consecutive determinate state prison terms on the remaining three convictions:  the upper term of nine years for attempted murder plus one year for the firearm enhancement and two consecutive terms for the robbery convictions, properly recorded on the abstract of judgment as one-third the middle term of three years for second degree robbery.[5] Because Hollie then had more than 17 years of actual custody credit, the superior court ordered him released forthwith.

3.  *The Petition for a Finding of Factual Innocence*

On July 9, 2021 Hollie, represented by retained counsel, filed a petition for factual innocence and sealing of arrest records pursuant to section 851.8.  The petition asserted the court's order vacating his murder conviction constituted a finding that no reasonable cause existed to believe he had committed the offense for which his arrest had been made.  Hollie's counsel also argued newly discovered evidence (that is, evidence not available at trial but presented to both the superior court and this court in unsuccessful habeas corpus petitions) established his actual innocence:  Givens had come forward and confirmed Hollie was not the shooter, the men in front of the Mercedes did not include

---

[4]    The record on appeal does not include Hollie's petition for resentencing, any other filings relating to the resentencing petition by Hollie's retained counsel or the prosecutor, or a reporter's transcript of the January 28, 2020 hearing.

[5]    The court's January 29, 2020 minute order incorrectly reflected a middle term of four years for the two robberies, using the triad for first degree, rather than second degree, robbery. (See § 213, subd. (a)(2).)

5

Hollie, and none of the perpetrators had touched the car door. Counsel claimed this evidence was known to the prosecutor but withheld from Hollie in violation of *Brady v. Maryland*, *supra*, 373 U.S. 83.[6]

The People opposed the petition, arguing there had been no findings of prosecutorial misconduct or *Brady* violations and Hollie was no longer guilty of Treder's murder because of ameliorative changes in the law regarding accomplice liability for murder, not because he was factually innocent of the crime as charged at the time and for purposes of section 851.8.

At the hearing on Hollie's motion on May 24, 2022, Hollie's counsel again argued the prosecutors had violated their obligations under *Brady* by not disclosing Givens's failure to recognize Hollie as one of the participants in the robbery-murder and asserted Hollie had been the victim of a biased prosecution.[7] The court denied the petition, stating Hollie was not using the proper procedural vehicle to pursue those claims, most of which had been addressed in prior habeas corpus petitions. Explaining its ruling, the court wrote in its order after hearing, "There was no prior finding of a *Brady* violation or prosecutorial misconduct. There was sufficient evidence that defendant was involved in the case, for it to be filed."

---

[6] Hollie also argued the prosecutors had misled the court in connection with the decision to file the murder charge directly in adult court although he was only 15 years old at the time of the crime by asserting he had been the actual shooter, which they knew was false.

[7] Counsel claimed the district attorney's office had targeted Hollie because prosecutors were pursuing his father, whom they viewed as an original member of the Insane Long Beach Crips.

Hollie filed a timely notice of appeal.

## DISCUSSION

### 1. *Governing Law and Standard of Review*

Section 851.8, subdivision (c), provides, "In any case where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, at any time after dismissal of the action, petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made. . . . The hearing shall be conducted as provided in subdivision (b)."[8]

Section 851.8, subdivision (b), in turn, provides in part, "[A]ny judicial determination of factual innocence made pursuant to this section may be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is material, relevant, and reliable. A finding of factual innocence and an order for the sealing and destruction of records pursuant to this section shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. In any court hearing to determine the factual innocence of a party, the initial burden of proof shall rest with the petitioner to show

---

[8] "There are three classes of persons who may petition the court for a finding of factual innocence. . . . (1) persons who have been arrested but no accusatory pleading has yet been filed; (2) persons who have been arrested and an accusatory pleading has been filed but no conviction has occurred; and (3) persons who are acquitted of a charge and it appears to the judge presiding at the trial that the defendant was factually innocent." (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 738 [cleaned up].)

7

that no reasonable cause exists to believe that the arrestee committed the offenses for which the arrest was made."

"A petitioner's burden to establish factual innocence has been described as '"incredibly high"' and as requiring '"no doubt whatsoever."' [Citation.] "'Section 851.8 is *for the benefit of those defendants who have not committed a crime.*"' [Citation.] 'Establishing factual innocence . . . entails establishing as a prima facie matter not necessarily just that the arrestee had a viable substantive defense to the crime charged, but more fundamentally that there was *no reasonable cause to arrest him in the first place.*"' (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 738-739; see *People v. Adair* (2003) 29 Cal.4th 895, 902-903.)

A verdict of not guilty at trial does not compel the conclusion the defendant is factually innocent; "'it merely proves the existence of a reasonable doubt as to his guilt.'" (*People v. Medlin* (2009) 178 Cal.App.4th 1092, 1101; accord, *People v. Bleich* (2009) 178 Cal.App.4th 292, 300.) "'[M]uch more than a failure of the prosecution to convict is required in order to justify [a finding of factual innocence and] the sealing and destruction of records under section 851.8.'" (*People v. Adair*, *supra*, 29 Cal.4th at p. 905.)

"A court cannot order the partial sealing and destruction of a factually innocent petitioner's arrest records. Section 851.8 does not provide 'for the surgical excision of only certain portions of an arrest record.' [Citation.] 'We would defeat the statutory purpose of leaving a factually innocent person with an unblemished record and run afoul of the legislative objective sought to be achieved were we to permit the sealing and destruction of only part of an accused's arrest record.'" (*People v.*

*Mazumder, supra*, 34 Cal.App.5th at p. 739; accord, *People v. Matthews* (1992) 7 Cal.App.4th 1052, 1063.)

Although we defer to the trial court's factual findings if supported by substantial evidence, we independently review the court's denial of a petition for factual innocence. (*People v. Adair, supra*, 29 Cal.4th at p. 897.)

### 2. *Hollie's Successful Section 1172.6 Petition Did Not Entitle Him to a Finding of Factual Innocence*

Although in the superior court Hollie focused his argument in support of a finding of factual innocence on what he described as newly discovered evidence that Givens had told prosecutors she did not recognize him as one of the perpetrators of the robbery-murder, together with his continuing claims of prosecutorial misconduct, on appeal he contends only that, because he could not be found guilty of Treder's murder under current law (as the superior court's order granting his petition for resentencing presumably established),[9] then he must be factually innocent of that crime.[10]  Hollie's argument is doubly flawed.

First, an order granting Hollie's petition for resentencing does not mean, without more, Hollie is factually innocent of the

---

[9]     Hollie mistakenly asserts the superior court granted relief under section 1172.6 for the attempted murder of Gonzalez.  To the contrary, as discussed, after vacating the murder conviction, the court resentenced Hollie to the upper term of nine years for attempted murder, plus a one-year firearm enhancement.

[10]     We disagree with the Attorney General that Hollie forfeited this issue by failing to raise it in the superior court.  Although largely undeveloped, Hollie did contend in his petition that the court's order vacating his murder conviction constituted a finding that no reasonable cause existed to believe he had committed the offense for which his arrest had been made.

crime of murder. To decide the petition for resentencing the superior court was required to determine whether Hollie could be convicted of murder under current law. The ameliorative changes to the law relating to felony murder that occurred after Hollie's conviction narrowed but did not eliminate the felony-murder rule. (See *People v. Strong* (2022) 13 Cal.5th 698, 703; *People v. Gentile* (2020) 10 Cal.5th 830, 842.) Pursuant to section 189, subdivision (e)(3), an individual who participated in the perpetration of a robbery or any other of the felonies identified in section 189, subdivision (a), who was not the actual killer and did not with the intent to kill aid or abet the actual killer in the commission of the first degree murder of the victim, is still liable for murder if he or she was a major participant in the underlying felony and acted with reckless indifference to human life as described in the felony-murder special-circumstance provision of the Penal Code.

Ruling on Hollie's petition for resentencing, the superior court expressly found Hollie was not the actual shooter but was a major participant in the robbery of Treder. The court also impliedly found the evidence was insufficient to prove beyond a reasonable doubt that Hollie had acted with reckless indifference to human life—the petition otherwise could not have been granted. In other words, the court found the evidence was insufficient to convict Hollie of murder under current law.

However, a finding of insufficient evidence, like a failure of the prosecution to convict, is not enough for a finding of factual innocence. (See *People v. Adair, supra*, 29 Cal.4th 895 at p. 905.) "'Factually innocent' as used in [section 851.8, subdivision (b)] does not mean a lack of proof of guilt beyond a reasonable doubt or even by a preponderance of evidence. Defendants must show

10

that the state should never have subjected them to the compulsion of the criminal law—because no objective factors justified official action.  In sum, the record must exonerate, not merely raise a substantial question as to guilt." (*Id.* at p. 909 [cleaned up]; accord, *People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1459.)  Indeed, that is the premise of section 851.8, subdivision (e), which provides, when a person has been acquitted of a charge, the trial judge has discretion—but is not obligated— to make a finding of factual innocence.[11]  Granting Hollie's section 1172.6 petition did not exonerate him of Treder's murder.[12]

Second, as discussed, partial sealing of an arrest record is not permitted under section 851.8.  (See *People v. Mazumder*, *supra*, 34 Cal.App.5th at p. 739; *People v. Matthews*, *supra*, 7 Cal.App.4th at p. 1063.)  Although it was his burden as the petitioner to do so, Hollie presented no information about the basis for his arrest; but it is reasonable to assume it was for both the robbery and murder of Treder (and, quite possibly at the same time, for the attempted murder of Gonzalez and robbery of Calulot).  Hollie still stands convicted of the robbery of Treder (as

---

[11]     Section 851.8, subdivision (e), states, "Whenever any person is acquitted of a charge and it appears to the judge presiding at the trial at which the acquittal occurred that the defendant was factually innocent of the charge, the judge may grant the relief provided in subdivision (b)."

[12]     The Attorney General argues vacatur of a conviction under section 1172.6 does not satisfy the threshold requirement of section 851.8, subdivision (c), that "no conviction has occurred." However, we need not address this argument because, even if a section 1172.6 vacatur does satisfy the threshold requirement, Hollie's claim of factual innocence fails on the merits.

well as the crimes against Gonzalez and Calulot).  Accordingly, even if he were otherwise properly found factually innocent of Treder's murder, "the surgical excision" of a portion of Hollie's arrest record would not be authorized.

## DISPOSITION

The order denying Hollie's section 851.8 petition is affirmed.


PERLUSS, P. J.

We concur:


FEUER, J.


MARTINEZ, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RODNEY DEON HOLLIE,<br><br>    Defendant and Appellant. | B321325<br><br>(Los Angeles County<br>Super. Ct. No.<br>NA054828)<br><br>ORDER MODIFYING<br>OPINION AND<br>CERTIFYING OPINION<br>FOR PUBLICATION<br>(No change in the<br>appellate judgment) |

THE COURT:

It is ordered that the opinion filed herein on November 6, 2023 be modified as follows:

On page 2, third paragraph, after the first sentence and the footnote call add "It does not." As modified the paragraph reads:

On appeal Hollie argues the order vacating his murder conviction under section 1172.6 necessarily entitled him to a finding of factual innocence.[2] It does not. We affirm.

There is no change to the appellate judgment.

The opinion in this case filed November 6, 2023 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the respondent's request pursuant to California Rules of Court, rule 8.1120(a) for publication is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

_____

FEUER, Acting P. J.     MARTINEZ, J.     PERLUSS, J.*

---

[2] Hollie also suggests in his opening brief that he was subject to a discriminatory prosecution in violation of the Racial Justice Act, section 745, subdivision (a). That issue is not properly before us in reviewing the denial of a section 851.8 petition. (See § 745, subd. (b) [after judgment has been entered and a defendant is no longer in custody, an allegation of a violation of section 745, subdivision (a), must be filed in a motion under section 1473.7].)

* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.