Filed 2/28/25  P. v. Luna CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084081 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD246452) |
| MICHAEL LUNA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, John G. Pro, Judge.  Affirmed.

Michael Luna, in pro. per.; and Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Michael Luna appeals from an order denying his petition seeking a discretionary expungement and to reduce his felony conviction to a misdemeanor.  His appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and Luna filed a supplemental brief.  Based on our independent

review of the record, we find no reasonably arguable appellate issues and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2012, Luna was involved in a highspeed chase with police. An officer observed Luna driving on the freeway at 88 miles per hour and initiated a traffic stop. There appeared to be three men in Luna's vehicle. After initially exiting the freeway, Luna cut off another driver to accelerate back onto the freeway and away from the officer. The officer pursued the vehicle.

During the pursuit, the officer observed someone throw an object from the passenger's side, the contents of which appeared to be a white powder. Then, the vehicle "blacked out" by turning off all lights. The vehicle also accelerated to approximately 110 miles per hour, with Luna using all six lanes to avoid freeway traffic. The pursuit continued on city streets where Luna drove in excess of 95 miles per hour. Luna eventually pulled the vehicle to the shoulder and stopped.

Luna described the incident to the arresting officer as "a blur." He claimed he was possessed by evil and that voices in his head told him to keep driving. He admitted that he required psychotropic medication, but he was not taking his prescribed medication at that time.

On September 10, 2013, Luna pled guilty to felony evading an officer with reckless driving (Veh. Code, § 2800.2, subd. (a)) and misdemeanor driving with a suspended license (Veh. Code, § 14601.1, subd. (a)). On October 10, the trial court granted Luna three years of formal probation on the condition that he serve 180 days in county jail.

On May 23, 2016, Luna admitted violating his probation and was sentenced to two years in state prison. On July 20, after Luna admitted additional probation violations, probation was revoked and reinstated.

On February 21, 2024, Luna filed a petition for dismissal under Penal Code section 1203.4 (further statutory references are to the Penal Code) and for a reduction of his felony conviction to a misdemeanor under section 17, subdivision (b)(3). In the attached declaration, Luna explained that the requested relief would allow him to pursue a career in paralegal studies and criminal justice. He also stated that he had completed Veterans Treatment Court and was in recovery for alcohol and substance abuse.

The People opposed the reduction of Luna's felony conviction to a misdemeanor, citing Luna's conduct in the current case and prior criminal history. The People also asserted Luna had not shown he was entitled to any discretionary relief under section 1203.4, subdivision (c). The People acknowledged that Luna's completion of Veteran's Treatment Court was "a step in the right direction," but that he needed to demonstrate long-term sobriety and more time without any contact with law enforcement.

At the hearing on April 23, 2024, the trial court denied Luna's petition for reduction and expungement. The court noted that Luna's felony conviction involved reckless driving over 110 miles per hour and drugs were tossed from the vehicle. The court also noted Luna's subsequent criminal violations, including a recent charge from 2021 for driving under the influence.

## DISCUSSION

Luna's appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal, and asking

this court to independently review the record for error. Counsel identified the following issues pursuant to *Anders* to assist us in conducting our independent review of the record:

(1) Whether the trial court properly denied Luna's petition to reduce his felony conviction to a misdemeanor under section 17, subdivision (b)(3); and

(2) Whether the trial court properly denied Luna's petition for expungement under section 1203.4.

Luna submitted a supplemental brief. In it he attributes his prior criminal behavior to alcoholism, substance abuse, and mental health struggles. He claims, however, that he successfully completed Veterans Treatment Court over one year ago, where he received treatment for his mental health and substance problems. He claims he now has the tools and support system he needs to remain law abiding.

We conclude the trial court did not err by denying Luna's petition for reduction and expungement. "[T]here is a special category of crimes that is punishable as either a felony or a misdemeanor, depending on the severity of the facts surrounding its commission. [Citation.] These crimes, referred to as 'wobbler[s],' are 'punishable either by a term in state prison or by imprisonment in county jail and/or by a fine.' " (*People v. Tran* (2015) 242 Cal.App.4th 877, 885.) Section 17, subdivision (b) affords the trial court discretion to reduce a wobbler to a misdemeanor under "a broad generic standard." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) However, the Supreme Court has articulated factors relevant to the exercise of discretion under section 17, subdivision (b), which include " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude

4

toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' " (*Id.* at p. 978.)

Independent of the procedure governing the reduction of a felony conviction, a defendant may petition the court for a dismissal under section 1203.4 in a process commonly referred to as expungement. As relevant here, discretionary expungement relief may be awarded "in the interest of justice." (§ 1203.4, subd. (c)(2).) "If granted, section 1203.4 relief provides substantial benefits; the successful [petitioner] is generally released from all the 'penalties and disabilities' which otherwise would have resulted from the convictions." (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 745.)

Here, the trial court considered Luna's requests for reduction and expungement at a hearing in which he was represented by counsel. The court denied the requested relief based on the circumstances of Luna's underlying felony reckless driving conviction and subsequent criminal history. Luna does not directly challenge the court's reasoning or dispute any of the underlying facts in his supplemental brief. Instead, he highlights his completion of Veterans Treatment Court and his ongoing recovery from alcohol and substance abuse. Although these are positive developments, Luna has not shown any legal errors or that the court's decision to deny reduction and expungement amounts to an abuse of discretion.

Our review of the record as mandated by *Wende* and *Anders* has disclosed no reasonably arguable appellate issues for reversal. Competent counsel has represented Luna in this appeal.

## DISPOSITION

The order is affirmed.

DO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

CASTILLO, J.